IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBYN E. ZAVODNICK | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 05-660 |
| | : | |
| KAILASH SAYL, 7-ELEVEN, INC. | : | |
| and MARTUSCELLI INVESTMENT | : | |
| ASSOCIATES | : | |

## NOTICE UNDER LOCAL RULE 7.1(c) & (d)

The above-referenced defendant, Martuselli Investment Associates by and through its counsel, Mark F. DiGiovanni, Esquire of the law firm of William J. Devlin, Jr. & Associates has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3) along with a supporting Brief, and have served these documents through regular mail upon plaintiff and codefendants. Any reply or opposing Memorandum is due within fourteen (14) days of March 14, 2005. If no responsive Brief is filed within that time period, the Court shall grant moving defendant's Motion.

WILLIAM J. DEVLIN, JR. & ASSOCIATES

BY: /s/Mark F. DiGiovanni
Mark F. DiGiovanni, Esquire
Attorney for Defendant
Martuscelli Investment Associates
Attorney ID# 40701
Suite 200
100 West Elm Street
Conshohocken, PA  19428
(610)-397-4600

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBYN E. ZAVODNICK          :
                            :
    v.                      :    CIVIL ACTION NO. 05-660
                            :
KAILASH SAYL, 7-ELEVEN, INC.:
and MARTUSCELLI INVESTMENT  :
ASSOCIATES                  :

# **ORDER**

AND NOW, this _____ day of _____, 2005, upon consideration of Moving Defendant Martuscelli Investment Associates Motion to Dismiss and any response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED** and Plaintiff's Complaint against moving defendant is dismissed with prejudice.

BY THE COURT:

_____
                            J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBYN E. ZAVODNICK        :
                          :
        v.                :   CIVIL ACTION NO. 05-660
                          :
KAILASH SAYL, 7-ELEVEN, INC.:
and MARTUSCELLI INVESTMENT:
ASSOCIATES                :

### DEFENDANT MARTUSCELLI INVESTMENT ASSOCIATES MOTION TO DISMISS PLAINTIFF'S COMPLAINT

And now comes the defendant, Martuscelli Investment Associates by and through its attorneys William J. Devlin, Jr. & Associates, and files the within Motion to Dismiss Plaintiff's Complaint and avers as follows:

1.      Plaintiff, Robyn E. Zavodnick, has filed a Civil Action Complaint alleging negligence against all of the above defendants.

2.      Defendant Martuscelli Investment Associates (Martuscelli) owned the shopping center including the parking lot where plaintiff alleges that she fell.

3.      Plaintiff alleges in her Complaint that her fall occurred at 100 Four Seasons Parkway, in the State of Delaware. See paragraph 10 of Plaintiff's Complaint, a true and correct copy of same is attached hereto as Exhibit "A".

4.      Plaintiff pleads in paragraph 4 of her Complaint that defendant Martuscelli is a corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business therein at 100 Four Seasons Parkway, Newark, Delaware.

5. Defendant Martuscelli is a Delaware Corporation which owns property in Delaware, including the site as where this accident occurred. Defendant owns no property in Pennsylvania and does not transact any business there.

6. To exercise general jurisdiction over a defendant under the Pennsylvania Long-Arm Statute, a plaintiff must demonstrate that defendant maintained continuous and substantial forum affiliation. Schwilm v. Holbrook, 661 F.2d 12, (3d Cir. 1981).

7. Because the accident happened in Delaware, and defendant Martuscelli is a Delaware Corporation with no contacts of any sort with Pennsylvania, this case should be transferred to the Federal District of Delaware pursuant to 28 U.S.C.A. §1406.

WHEREFORE, moving defendant Martuscelli Investment Associates respectfully request that Plaintiff's Complaint against it be dismissed with prejudice or in the alternative that this action be transferred to the Federal District of Delaware.

WILLIAM J. DEVLIN, JR. & ASSOCIATES


BY: /s/Mark F. DiGiovanni
    Mark F. DiGiovanni, Esquire
    Attorney for Defendant
    Martuscelli Investment Associates
    Attorney ID# 40701
    Suite 200
    100 West Elm Street
    Conshohocken, PA  19428
    (610)-397-4600

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBYN E. ZAVODNICK :
:
v. : CIVIL ACTION
: NO. 05-660
:
KAILASH SAYL, 7-ELEVEN, INC.:
and MARTUSCELLI INVESTMENT:
ASSOCIATES :

**<u>MEMORANDUM OF LAW IN SUPPORT OF MARTUSCELLI INVESTMENT ASSOCIATES MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE TO TRANSFER THIS MATTER TO THE PROPER DISTRICT</u>**

And now, comes the defendant Martuscelli Investment Associates, by and through its attorneys William J. Devlin, Jr. & Associates, and files the within Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint and avers as follows:

**I.     <u>FACTS</u>**

Plaintiff Robyn E. Zavodnick alleges in her Complaint that she was a business invitee on the premises at 100 Four Seasons Parkway in the State of Delaware on December 1, 2003 when she was caused to trip and fall and sustain injuries. Plaintiff alleges that the injuries were due to the negligence of the above defendants. Plaintiff's fall occurred in the parking lot of a 7-Eleven store owned by codefendant 7-Eleven, Inc. Defendant Martuscelli Investment Associates owns the shopping center where the subject 7-Eleven store was located.

Plaintiff filed a Complaint in the United States District Court for the Eastern District of Pennsylvania alleging negligence against moving defendant and the other named defendants. A true and correct copy of plaintiff's Complaint is attached hereto as Exhibit "A". Plaintiff alleges in her Complaint that defendant Martuscelli Investment

Associates is a corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business therein at 100 Four Seasons Parkway, Newark, Delaware. See paragraph 4 of Plaintiff's Complaint. (Exhibit "A").

Defendant Martuscelli Investment Associates owns no property in Pennsylvania and does no business there. Thus, this Court cannot exercise personal jurisdiction over defendant Martuscelli Investment Associates.

Moreover, because this accident occurred in the State of Delaware, this action should be dismissed either for lack of proper venue or under the Common Law Doctrine of *forum nonconviens*. See 28 U.S.C.A. §1404 and §1406.

## II. STANDARD OF REVIEW

Moving defendant Martuscelli Investment Associates moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or, alternatively, moves for dismissal because venue is improper and/or inconvenient in the chosen forum. When considering a Motion to Dismiss, the Court generally must take as true the allegations contained in the Complaint. Dayhoff, Inc. v. H.J. Heinz Company, 86 F.3d 1287, 1302 (3d Cir. 1996). However, it is the plaintiff that bears the burden of proving, by Affidavits or other competent evidence, that the Court may properly assert jurisdiction over the defendant. North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 689 (3d Cir. 1990); Bucks County Playhouse v. Bradshaw, 577 F. Supp. 1203, 1206 (E.D. Pa. 1983).

Alternatively, if the Court finds personal jurisdiction is proper, moving defendant seeks dismissal of the Complaint because venue is improper and/or inconvenient in the chosen forum of Pennsylvania.

III. **DISCUSSION**

Rule 4(e) of the Federal Rules of Civil Procedure authorizes personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the District Court sits.  Pennzoil Products Company v. Colelli and Associates, Inc., 149 F.3d 197, 200 (3d Cir. 1998).  (Quoting Mellon Bank v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992).  (Pennsylvania Long-Arm Statute, set forth at 42 Pa. Cons. Stat. Ann. §5301-22 authorizes Pennsylvania Courts to assert personal jurisdiction over non-resident defendants to the extent allowed by the Due Process Clause of the Fourteenth Amendment.

The Pennsylvania Statute contemplates that a Court may exercise in personam jurisdiction on two bases, general jurisdiction or specific jurisdiction.  A finding of general jurisdiction requires that defendant be present in the state either because he is a resident, has consented to be sued here, or, in the case of a corporation or business entity, maintains "a continuous and systematic part of its general business" in Pennsylvania.  42 Pa. Cons. Stat. Ann. §5301(a)(2)(iii).  Plaintiff must demonstrate that the defendant maintains "continuous and substantial" forum affiliation.  See, Schwilm Supra.

Personal jurisdiction over defendant Martuscelli Investment Associates in this case clearly cannot be based upon general jurisdiction under §5301.  Plaintiff does not contend that moving defendant carries on a continuous and systematic part of its business in Pennsylvania and nothing was proffered from which any such finding could be made.  Furthermore, plaintiff has pled that defendant Martuscelli Investment Associates is a Delaware Corporation with a principal place of business in Delaware.  By contrast, the

specific jurisdictional provision provides that jurisdiction over non-resident corporate defendants may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States, 42 Pa. Cons. Stat. Ann. §5322(b), but that such an exercise of jurisdiction must be confined to causes of action which arise from these contacts with the state.

Clearly that is not the case here. Plaintiff's cause of action arose from a slip and fall at a location in the State of Delaware, owned by defendant Martuscelli Investment Associates a Delaware Corporation. Thus, plaintiff's cause of action does not arise from any contacts with Pennsylvania.

Alternatively, this action should be dismissed for lack of proper venue, or under the Common Law Doctrine of *forum nonconviens*. The burden of proving improper venue rests with the party challenging venue. Myers v. American Dental Ass'n, 695 F.2d 716 (3d Cir. 1982), cert. denied, 462 U.S. 1106, 103 S. Ct. 2453, 77 L. Ed. 2d 1333 (1983). Furthermore, the test for resolving a Rule 12(b)(3) Motion is the same as the procedure used for testing challenges to personal jurisdiction. M.K.C. Equip. Co. v. M.A.I.L. Code., Inc., 843 F. Supp. 679 (D. Kan. 1994).

In the instant matter defendant Martuscelli Investment Associates has no contacts with the Commonwealth of Pennsylvania, therefore this Court may not exercise personal jurisdiction over said defendant. In addition, because the cause of action arose in the State of Delaware and moving defendant is a resident of the State of Delaware, the Federal District of Delaware is the proper forum for this lawsuit.

III.   **CONCLUSION**

For the foregoing reasons, moving defendant Martuscelli Investment Associates respectfully request that this matter be dismissed or in the alternative, ordered transferred to the Federal District of Delaware.

                                   WILLIAM J. DEVLIN, JR & ASSOCIATES

                        BY: /s/Mark F. DiGiovanni
                           Mark F. DiGiovanni, Esquire
                           Attorney for Defendant
                           Martuscelli Investment Associates
                           Attorney ID# 40701
                           Suite 200
                           100 West Elm Street
                           Conshohocken, PA  19428
                           (610)-397-4600

` **CERTIFICATE OF SERVICE**

I hereby certify that service of a true and correct copy of the enclosed Defendant Martuscelli Investment Associates Motion to Dismiss Plaintiff's Complaint was sent to all parties by United States first-class mail, postage pre-paid on March 14, 2005.

Robert S. Miller, Esquire
Wapner, Newman, Wigrizer & Brecher
115 South 21st Street
Philadelphia, PA  19147

Thomas P. Wagner, Esquire
Rawle & Henderson, LLP
The Widener Bldg.
One South Penn Square
Philadelphia, PA  19107

                        WILLIAM J. DEVLIN, JR & ASSOCIATES


            BY: /s/Mark F. DiGiovanni
              Mark F. DiGiovanni, Esquire
              Attorney for Defendant
              Martuscelli Investment Associates
              Attorney ID# 40701
              Suite 200
              100 West Elm Street
              Conshohocken, PA  19428
              (610)-397-4600