FEB 28 2005 08:35 FR

# SUMMONS IN A CIVIL ACTION

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBYN E. ZAVODNICK

v.

KAILASH SAYL, 7-ELEVEN, INC. and MARTUSCELLI INVESTMENT ASSOCIATES

CIVIL ACTION NO. 05-660

TO: (NAME AND ADDRESS OF DEFENDANT)

Martuscelli Investment Associates

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)

Robert S. Miller, Esq
115 South 21st Street
Philadelphia, PA 19147

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Michael E. Kunz, Clerk of Court

Date: 02/11/2005

(By) Deputy Clerk

GREGG KELLER

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Robyn E. Zavodnick : CIVIL ACTION

v. :

Kailash Sayl and 7-Elven, Inc. and Martuscelli Investment Assoc. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| 2/11/05 | Robert S. Miller | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 215-569-0900 | 215-569-4621 | millerr@wwwlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

**APPENDIX H**

# CIVIL COVER SHEET

JS 44 (Rev 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Robyn E. Zavodnick

**DEFENDANTS**
Kailash Bayl and 7-Eleven Inc., and Martuscelli Investment Assoc.

(b) County of Residence of First Listed Plaintiff ______ (EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ______ (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert S. Miller 215-569-0900
115 S. 21st Street
Philadelphia, PA 19103

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders' Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability ☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY: ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☒ 360 Other Personal Injury

PERSONAL INJURY: ☐ 362 Personal Injury - Med. Malpractice ☐ 365 Personal Injury - Product Liability ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/ Accommodations ☐ 444 Welfare ☐ 445 Amer. w/Disabilities - Employment ☐ 446 Amer. w/Disabilities - Other ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus: ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 R.R. & Truck ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health ☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act ☐ 900Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: Plaintiff was caused to fall due to a negligently maintained condition of defendants premises

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $
CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE ______ SIGNATURE OF ATTORNEY OF RECORD
Robert S. Miller [signature]

FOR OFFICE USE ONLY
RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

JS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBYN E. ZAVODNICK**<br>180 Yorkshire Way<br>Halboro, PA 19040 | : | CIVIL ACTION |
| vs. | : | NO. 05cv660 |
| **KAILASH SAYL**<br>100 Four Seasons Parkway<br>Newark. DE 19702<br>and<br>**7-ELEVEN, INC.**<br>2711 North Haskell Avenue<br>Dallas, TX 75204-2906<br>and<br>**MARTUSCELLI INVESTMENT ASSOCIATES**<br>100 Four Seasons Parkway<br>Newark, DE 19702 | : | JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

1. Plaintiff, Robyn E. Zavodnick, is a citizen and resident of the Commonwealth of Pennsylvania, residing at 180 Yorkshire Way, Hatboro, PA 19040

2. Defendant, Kilash Sayl (hereinafter "Sayl"), is a citizen and resident of the State of Delaware, residing therein at 100 Four Seasons Parkway, Newark, DE 19702.

3. Defendant, 7-Eleven (hereinafter "7-Eleven"), is a corporation organized and existing under and by virtue of the laws of the State of Texas with it's principle place of business therein at 2711 North Haskell Avenue, Dallas, Texas 75204-2906.

4. Defendant, Martuscelli Investment Associates (hereinafter "Martuscelli"), is a corporation organized and existing under and by virtue of the laws of the State of Delaware with it's principle place of business therein at 100 Four Seasons Parkway, Newark, DE 19702.

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars and there is diversity of citizenship between the plaintiff and defendants.

6. Venue in this Court is proper under 28 U.S.C. §1391 because the defendants regularly conduct business within this district.

7. At all times material hereto, defendant, 7-Eleven, was acting by and through its agents, servants and/or employees who were then and there acting in the course and scope of their employment with and under the direct control and/or right of control of the defendant.

8. At all times material hereto, defendant, Sayl, was acting by and through its agents, servants and/or employees who were then and there acting in the course and scope of their employment with and under the direct control and/or right of control of the defendant.

9. At all times material hereto, defendant, Martuscelli, was acting by and through its agents, servants and/or employees who were then and there acting in the course and scope of their employment with and under the direct control and/or right of control of the defendant.

10. At all times material hereto, defendant, 7-Eleven, owned, operated, controlled and maintained building/property/convenience store including the parking lot adjacent thereto located at 100 Four Seasons Parkway, in the State of Delaware (hereinafter referred to as "premises").

11. At all times material hereto, defendant, Sayl, owned, operated, controlled and maintained building/property/convenience store including the parking lot adjacent thereto located at 100 Four Seasons Parkway, in the State of Delaware (hereinafter referred to as "premises").

12. At all times material hereto, defendant, Martuscelli, owned, operated, controlled and maintained building/property/convenience store including the parking lot adjacent thereto located at 100 Four Seasons Parkway, in the State of Delaware (hereinafter referred to as "premises").

13. On or about December 1, 2003, at or about 7:30 a.m., plaintiff, Robyn Zavodnick, was a lawful business invitee on said premises.

14. At the time and place as aforementioned, plaintiff, Robyn Zavodnick, was walking carefully when she was suddenly and without warning caused to fall due to a negligently maintained and defective condition on/off defendants' premises, as a result of which plaintiff sustained serious, painful, permanent, personal injuries.

15. The aforesaid accident was caused by the individual, joint and/or several negligence, carelessness and/or recklessness of the defendants, their agents, servants, employees and/or representatives, and consisted inter alia, of the following:

    a.    Causing plaintiff, Robyn Zavodnick, to fall;

    b.    Failing to adequately maintain the said premises;

    c.    Failing to warn plaintiff;

    d.    Failing to take steps to provide for the safety of business invitees such as plaintiff, Robyn Zavodnick;

e. Failing to provide plaintiff with a safe and adequate passageway for business invitees such as plaintiff herein;

f. Permitting a dangerous condition to exist for an unreasonable length of time;

g. Failing to perform duties which it had assumed;

h. Failing to properly maintain parking lot on said premises;

i. Failing to use due care under the circumstances;

j. Failing to provide adequate light in said premises;

k. Permitting a dangerous condition to exist for an unreasonable period of time;

l. Failing to fill holes within parking lot;

m. Failing to retain/hire a qualified contractor to repair the dangerous condition on said premises;

n. Being guilty of willful, wanton and reckless misconduct; and

o. Being otherwise careless and negligent under the circumstances.

p. Failing to correct a dangerous condition;

q. Failing to warn plaintiff of a dangerous condition and/or defect of the said premises;

r. Failing to inspect the said premises;

16. The accident aforementioned was caused by the negligence of the defendants herein, their respective agents, servants and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff herein.

17. At all times material hereto, the aforesaid premises was maintained by the defendants herein, their respective agents, servants and/or employees who were then and there acting in the course and scope of their employment with and under the direct control of the defendants.

18. As a result of the accident aforementioned, plaintiff, Robyn Zavodnick, sustained multiple injuries, including, but not limited to, headaches, cervical strain and sprain, disc herniation at C5-6, cervical rediculopathy, tear of the distal supraspinatus tendon right shoulder, impingement syndrome bilateral shoulders, lumbar strain and sprain, thoracic sprain and sprain,, elbow strain and sprain as well as other injuries to her head, neck, back, spine, torso and extremities, their bones, cells, tissues, discs, muscles, cartilage, nerves and functions; together with shock and injury to her nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

19. As a result of the aforesaid, plaintiff has undergone great physical pain and mental anguish, and she will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

20. As a further result of defendants negligence as aforesaid, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

21. As a result of this accident, plaintiff has suffered an injury which may be permanent, irreparable and severe.

22. As a further result of the defendants negligence, plaintiff was unable to attend to her daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

23. As a further result of this accident, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which plaintiff would have performed, not for income, but for the benefit of herself, if she had not been so grievously injured.

24. As a further result of defendants' negligence, plaintiff sustained associated incidental expenses and property damage loss.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs

A jury trial is demanded.

WAPNER, NEWMAN, WIGRIZER & BRECHER

BY: ______________________

ROBERT S. MILLER, ESQUIRE
115 South 21st Street
Philadelphia, PA 19147
(215.569.0900)

# VERIFICATION

The undersigned, having read the attached which was prepared by my attorneys hereby verifies that the information contained therein may include information furnished to my attorneys by individuals other than myself; that the language used therein is that of my attorneys, and that to the extent the information set forth therein is not known to me, I have relied upon my attorneys in taking this Verification. Subject to the above limitations, the information contained therein is true and correct to the best of my information, knowledge and belief, subject to the penalties imposed by 18 Pa. C.S. §4904.