# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBYN E. ZAVODNICK** | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. 05-660 |
| | : | |
| **KAILASH SAYL** | : | |
| and | : | |
| **7-ELEVEN, INC.** | : | |
| and | : | |
| **MARTUSCELLI INVESTMENT** | : | |
| **ASSOCIATES** | : | |

### PLAINTIFF'S RESPONSE TO DEFENDANT, MARTUSCELLI INVESTMENT ASSOCIATES', MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff, Robyn E. Zavodnick, by and through her attorneys, Wapner, Newman, Wigrizer & Brecher, hereby Answer and Oppose Defendant, Martuscelli Investment Associates' (hereinafter "Martuscelli"), Motion to Dismiss Plaintiff's Complaint. In support of the instant opposition, Plaintiff responds to Defendant, Martuscelli Investment Associates, specific allegations as follows:

1. Denied as stated. Plaintiff's Complaint is a writing and speaks for itself.

2. Neither Admitted or Denied. After reasonable inquiry and investigation, plaintiff lacks sufficient information to form a belief as to the truth of the averments contained in paragraph 2 and specifically deny same and demand strict proof thereof at the time of trial in this matter.

3. Denied as stated. Plaintiff's Complaint is a writing and speaks for itself.

4. Denied as stated. Plaintiff's Complaint is a writing and speaks for itself.

5. Denied. After reasonable inquiry and investigation, plaintiff lacks sufficient information to form a belief as to the truth of the averments that defendant, Martuscelli, owned no property in Pennsylvania.

Further, it is specifically denied defendant does not transact any business in Pennsylvania. Defendant, Martuscelli and it's tenants and co-defendants herein, 7-Eleven Inc. and Kailash Sayl, have been doing business together on a consistent and constant basis. Both defendants, 7-Eleven Inc. and Kailash Sayl, have been properly served in the County of Philadelphia, Commonwealth of Pennsylvania. Both of these defendants have filed an Answer to Plaintiff's Complaint and discovery is ongoing. It is believed and therefore averred, defendant, Martuscelli, has substantial business contacts in the Commonwealth of Pennsylvania and its actions satisfy the requirements of the "long arm" statute and make the exercise of jurisdiction by this Court over this defendant permissible. In addition, various relevant discovery remains outstanding. To date, Plaintiff requests the opportunity to conduct Discovery on the issues presented by Defendant, Martuscelli's, Motion to Dismiss. Plaintiff anticipates the records and documents received during the Discovery phase of litigation will reveal additional information confirming defendant, Martuscelli's, contacts with the Commonwealth of Pennsylvania sufficient to establish proper jurisdiction with the Court. Although plaintiff requests defendant, Martuscelli', Motion to Dismiss to be Overruled, if this Honorable Court determines that there may be merit to defendant's contentions, then plaintiff respectfully requests additional time in order to complete the discovery concerning these issues.

6.   Defendant, Martuscelli's, contacts with Pennsylvania support the exercise of general jurisdiction. When jurisdiction over a corporation is based upon the long-arm statute providing general jurisdiction, any cause of action may be asserted against it, whether or not arising from acts enumerated in the statute. <u>42 Pa.C.S. 5301.</u> In other words, when jurisdiction is based on a foreign corporation's general activity or consent--when the corporation has continuous and substantial contacts with Pennsylvania or has voluntarily registered itself to do business there--the courts of Pennsylvania may exercise jurisdiction over

the foreign corporation regardless of whether the cause of action being prosecuted is specifically related to the corporation's activities in Pennsylvania.  Simmers v. American Cyanamid Corp., 394 Pa. Super. 464, 576 A.2d 376 (1990); Bianco v. Concepts 100, Inc., 291 Pa. Super. 458, 436 A.2d 206 (1981); Goff v. Armbrecht Motor Truck Sales, Inc., 284 Pa. Super. 544, 426 A.2d 628 (1980).

Defendant, Martuscelli, continuous and substantial contacts within Pennsylvania should provide adequate general jurisdiction within the Commonwealth of Pennsylvania for this action. Defendant, Martuscelli, was well aware, or should have been, that defendant contracted with defendant 7-Eleven and other entities that are situated in Pennsylvania.  Defendant, Martuscelli, has been profiting from these relationships for years.  All of Martuscelli's continuous and substantial contacts made while in the Commonwealth of Pennsylvania make Plaintiffs forum appropriate.

7.      Admitted in part; Denied in part.  It is admitted that the accident happened in Delaware and defendant is a Delaware corporation.  It is specifically denied defendant has no contacts of any sort with Pennsylvania.  It is further denied this case should be transferred to the Federal District of Delaware.  It is believed and therefore averred defendant, Martuscelli, regularly, continuously, substantially and systematically transacted business in the Commonwealth of Pennsylvania.  Defendant contracted with co-defendants herein, 7-Eleven Inc. and Kailash Sayl, have been doing business together on a consistent and constant basis.  Both defendants, 7-Eleven Inc. and Kailash Sayl, have been properly served in the County of Philadelphia, Commonwealth of Pennsylvania.  Both of these defendants have filed an Answer to Plaintiff's Complaint and discovery is ongoing.  It is believed and therefore averred, defendant, Martuscelli, has substantial business contacts in the Commonwealth of Pennsylvania and its actions satisfy the requirements of the "long arm" statute and make the exercise of jurisdiction by this Court over this defendant permissible.

In addition, various relevant discovery remains outstanding. To date, Plaintiff requests the opportunity to conduct Discovery on the issues presented by Defendant, Martuscelli's, Motion to Dismiss. Plaintiff anticipates the records and documents received during the Discovery phase of litigation will reveal additional information confirming defendant, Martuscelli's, contacts with the Commonwealth of Pennsylvania sufficient to establish proper jurisdiction with the Court. Although plaintiff requests defendant, Martuscelli', Motion to Dismiss to be Overruled, if this Honorable Court determines that there may be merit to defendant's contentions, then plaintiff respectfully requests additional time in order to complete the discovery concerning these issues.

WHEREFORE, plaintiff respectfully requests this Honorable Court deny defendant's Motion.

        Respectfully submitted,

        WAPNER, NEWMAN, WIGRIZER & BRECHER


BY: _____
     ROBERT S. MILLER, ESQUIRE
     ADAM S. GETSON, ESQUIRE
     Attorney for Plaintiff, Robyn E. Zavodnick