# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBYN E. ZAVODNICK** | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. 05-660 |
| | : | |
| **KAILASH SAYL** | : | |
| and | : | |
| **7-ELEVEN, INC.** | : | |
| and | : | |
| **MARTUSCELLI INVESTMENT ASSOCIATES** | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION OF DEFENDANT, MARTUSCELLI INVESTMENT ASSOCIATES', TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION

### I    SUMMARY OF PROCEDURAL POSTURE

On December 1, 2003, plaintiff, Robyn E. Zavodnick, age 46, was a business invitee at a 7-Eleven located at 100 Four Seasons Parkway in the State of Delaware (hereinafter "premises"). The 7-Eleven was owned, controlled and maintained by defendants, 7-Eleven Inc. and Kailash Sayl. They leased the property from defendant, Martuscelli. Upon leaving the 7-Eleven, plaintiff tripped and fell due to a pot hole in the parking lot of said premises.

Plaintiff filed a Civil Action in this Court on February 11, 2005 against defendants, Kailash Sayl, 7-Eleven, Inc and Martuscelli. Defendants' Kailash Sayl and 7-Eleven, Inc., were properly served within the County of Philadelphia, Commonwealth of Pennsylvania, and have filed their Answer to the Complaint on March 14, 2005. Discovery is ongoing. On March 14, 2005, Defendant, Martuscelli, filed the instant Motion seeking a dismissal based upon the lack of jurisdiction.

Defendant, Martuscelli, was or should have been aware it was subject to litigation in the Commonwealth of Pennsylvania.  Defendant, Martuscelli, and defendants, 7-Eleven and Kailash Sayl, had been doing business together for several years including at the time of this accident.  Defendant, 7-Eleven Inc., although having primary corporate offices in Texas, have their regional office, which includes the State of Delaware, in Pennsylvania.  It is believed defendant, Martuscelli, had substantial and continuous business contacts within Pennsylvania secondary to it's relationship with 7-Eleven Inc. and the situs of this accident.  In addition, defendant, Martuscelli, maintained various other business contacts within the Commonwealth of Pennsylvania and its actions satisfy the requirements of the Pennsylvania "long arm" statute and make the exercise of jurisdiction by this Court over this defendant permissible.  Therefore, the Court should deny Defendant's Motion.

In addition, various relevant discovery remains outstanding.  To date, plaintiff requests the opportunity to conduct discovery on the issues presented by defendant, Martuscelli's, Motion to Dismiss.  Plaintiff anticipates the records and documents received during said discovery will reveal additional information confirming defendant, Martuscelli's, business contacts within the Commonwealth of Pennsylvania.  Although the plaintiff requests defendant, Martuscelli's, Motion to Dismiss to be Overruled at this time as expressed herein, if this Honorable Court determines there may be merit to defendant's contentions, then plaintiff respectfully requests additional time in order to complete the discovery concerning these issues.

## II    FACTS

On December 1, 2003, at or about 7:30 a.m., plaintiff, Robyn Zavodnick, sustained, <u>inter alia</u>, a tear of the supraspinitus tendon of her right shoulder requiring surgery, a cervical herniated disc requiring multiple injections and other orthopedic injuries, when she was caused to trip and fall due to a defective and negligently maintained condition in a parking lot at a 7-Eleven located at 100 Four Seasons Parkway in the State of Delaware (hereinafter "premises"). The premises was controlled and maintained by defendants, 7-Eleven Inc. and Kailash Sayl. The premises was owned by defendant, Martuscelli.

Ms. Zavodnick is a Pennsylvania resident and has received all of her medical care including her surgery and injections within the Commonwealth of Pennsylvania. Defendant, 7-Eleven Inc. and Kailash Sayl, have filed an Answer to the Complaint and discovery is ongoing. Defendant, Martuscelli, has continuous, systematic and substantial business contacts in the Commonwealth of Pennsylvania and its actions satisfy the requirements of the "long arm" statute for this Honorable Court to exercise general and specific jurisdiction over defendant.

Accordingly, for the following reasons, the plaintiff respectfully requests defendant, Martucelli's, Motion to Dismiss be Denied. In the event the Court is not inclined to deny defendant, Martuscelli's, Motion outright, plaintiff respectfully requests a reasonable amount of time to conduct discovery on all relevant issues in the form attached.

**III   ISSUE SUMMARY**

Question:   Does defendant, Martucelli, have sufficient continuous and systematic business contacts to support a finding of general jurisdiction?

Answer:   "Yes."

Question:   Does defendant, Martucelli, have sufficient continuous and systematic business contacts to support a finding of specific jurisdiction?

Answer:   "Yes."

**IV   LEGAL ARGUMENT**

   **A.   Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2) Should be Dismissed**

The determination by the Court of whether jurisdiction is proper must be made by an ad hoc, case-by-case evaluation of the facts specific to this matter and not simply utilizing an automatic analysis to determine if the actions of the non-resident defendant subject it to either general or specific personal jurisdiction. See <u>Campbell vs. Triangle Corp</u>. 336 F. Supp. 1002 (E.D. Pa. 1972).  The Due Process clause permits the exercise of jurisdiction over non-resident corporate defendant if defendant maintains continuous and systematic contacts with the forum state, in which case court can exercise general jurisdiction, or if plaintiff's claims are related to defendant's activities within the forum state, defendant has "minimum contacts" with the forum state, and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice, in which case court can exercise specific jurisdiction.  <u>Surgical Laser Technologies, Inc. v. C.R. Bard, Inc.</u>, E.D.Pa.1996, 921 F.Supp. 281.

Regardless of whether general or specific personal jurisdiction is asserted, the propriety of such an exercise must be tested against both the Pennsylvania long-arm statute, 42 Pa.C.S.A. §5322 and the due process clause of the Fourteenth Amendment.  Kubik v. Letteri, 532 Pa.10, 19-20, 614 A.2d 1110, 1115 (1992).  Pennsylvania's long-arm statute permits the courts to "exercise jurisdiction over non-resident defendants 'to the fullest extent allowed under the Constitution of the United States' and **jurisdiction may be based 'on the most minimum contact with this Commonwealth** allowed under the Constitution of the United States.'"  C.J. Betters v. Mid South Aviation, 407 Pa.Super 511, 595 A.2d 1264, 1266 (1991)(emphasis added).

   1.     **General Jurisdiction**

Defendant, Martuscelli's, contacts with Pennsylvania support the exercise of general jurisdiction.  When jurisdiction over a corporation is based upon the long-arm statute providing general jurisdiction, any cause of action may be asserted against it, whether or not arising from acts enumerated in the statute.  42 Pa.C.S. 5301.  In other words, when jurisdiction is based on a foreign corporation's general activity or consent--when the corporation has continuous and substantial contacts with Pennsylvania or has voluntarily registered itself to do business there--the courts of Pennsylvania may exercise jurisdiction over the foreign corporation regardless of whether the cause of action being prosecuted is specifically related to the corporation's activities in Pennsylvania.  Simmers v. American Cyanamid Corp., 394 Pa. Super. 464, 576 A.2d 376 (1990); Bianco v. Concepts 100, Inc., 291 Pa. Super. 458, 436 A.2d 206 (1981); Goff v. Armbrecht Motor Truck Sales, Inc., 284 Pa. Super. 544, 426 A.2d 628 (1980).

Defendant, Martuscelli, continuous and substantial contacts within Pennsylvania should provide

adequate general jurisdiction within the Commonwealth of Pennsylvania for this action. Defendant, Martuscelli and it's tenants and co-defendants herein, 7-Eleven Inc. and Kailash Sayl, have been doing business together on a consistent and constant basis.  Both defendants, 7-Eleven Inc. and Kailash Sayl, have been properly served in the County of Philadelphia, Commonwealth of Pennsylvania.  Both of these defendants have filed an Answer to Plaintiff's Complaint and discovery is ongoing.  It is believed and therefore averred, defendant, Martuscelli, has other substantial business contacts in the Commonwealth of Pennsylvania as well and its actions satisfy the requirements of the "long arm" statute and make the exercise of jurisdiction by this Court over this defendant permissible.

Based upon the foregoing, defendant's Motion to Dismiss must be overruled.  In the event that the Court is not inclined to dismiss Defendant's Motion to Dismiss outright, plaintiffs would request a reasonable amount of time to conduct discovery on all relevant issues in the form attached

**2.        Specific Jurisdiction**

Defendant, Martuscelli's, contacts with Pennsylvania support the exercise of specific jurisdiction. "Specific jurisdiction is conferred when the claim is related to or arises from the non-resident contacts with the forum. Dollar Savings Bank vs. First Security Bank of Utah, N.A. 746 F. 2d. 208 (3d Cir. 1984). The Court focuses its inquiry on whether there are "minimal contacts" by the defendant with the forum arising out of the transaction to justify jurisdiction. Reliance Steel Products Co.  vs.  Wlatson, Ess, Marshall & Enggas 675 F. 2d. 587 (3d Cir. 1982);  Nguyen  vs.  Rapid Granlator Inc. 1991 WL 85352 (E.D. Pa.). The specific contacts with the state are measured for their quality and nature pursuant to the test first established by the Supreme Court in the leading case of International Shoe Co. vs. State of Washington, 326 U.S. 310

(1945) and its progeny.

In support of its position that jurisdiction does not apply, defendant relies heavily on the fact that it had no physical real estate in the Commonwealth. While this may be true that defendant had no real estate within the Commonwealth, this is not dispositive. "When a defendant has received the benefits and protections of the forum's laws by engaging in business activities with a forum resident, the courts have 'consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there'." Mellon Bank v. Ferino, 960 F.2d 1217, 1225 (3rd Cir. 1992). Defendant, Martuscelli, purposefully availed itself of the privileges and benefits of conducting business in the Commonwealth of Pennsylvania. Defendant was well aware, or should have been, that defendant contracted with defendant 7-Eleven and other entities that are situated in Pennsylvania. These circumstances, viewed along with the fact that defendant had conducted business activities for multiple years that could have a direct effect on this instant action make personal jurisdiction of defendant, Martuscelli, proper in the Commonwealth of Pennsylvania.

As such, defendant's Motion to Dismiss must be overruled. In the event that the Court is not inclined to dismiss Defendant's Motion to Dismiss outright, plaintiffs would request a reasonable amount of time to conduct discovery on all relevant issues in the form attached

### 3. Fair Play and Substantial Justice

Once it has been determined that the defendant purposefully established minimum contact with the forum state, those contacts may be considered in light of other factors to determine whether the exercise of personal jurisdiction will comport with fair play and substantial justice. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-477, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528, 543-544 (1985). Relying upon this test courts

have consistently determined that jurisdiction will be proper if the defendant's activities in the state should make the defendant reasonably aware that its actions could result in it being subject to coming to court in the state. The often cited verse expresses the test as - "does the conferring of jurisdiction offend traditional notions of fair play and result in a substantial injustice." *Id.* at 316, 66 S. Ct. at 158 and <u>Worldwide Volkswagen Corp. vs. Woodson</u> 444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980).

In the instant action, the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. Plaintiffs' interests in obtaining relief in Pennsylvania is obvious: plaintiff is a resident of the Commonwealth, two (2) defendants have been properly served in Pennsylvania, have answered the Complaint and plaintiffs' medical providers are located in Pennsylvania. Finally, allowing plaintiff to litigate this case in Pennsylvania will also promote judicial economy. The case will proceed more effectively and expediently in Pennsylvania than in Delaware because most of the documentation, medical witnesses, as well as defendants are in Pennsylvania.

The assertion of jurisdiction over this defendant would be consistent with Pennsylvania's long-arm statute, as well as constitutional limitations on state power. As such, defendant's Motion to Dismiss must be overruled. In the event that the Court is not inclined to dismiss Defendant's Motion to Dismiss outright, plaintiffs would request a reasonable amount of time to conduct discovery on all relevant issues in the form attached.

**B.      <u>Pennsylvania is Not an Inconvenient Forum for this Action</u>**

The defendant minimally argues why Pennsylvania is an inconvenient forum. As already stated, Plaintiffs' interests in obtaining relief in Pennsylvania is obvious: she is a resident of the Commonwealth,

plaintiff's medical providers are located in Pennsylvania; defendants, 7-Eleven Inc. and Kailash Sayl, have been properly served in the County of Philadelphia, Commonwealth of Pennsylvania and both defendants have filed an Answer to Plaintiff's Complaint and discovery is ongoing. It is believed and therefore averred, defendant, Martuscelli, has substantial business contacts in the Commonwealth of Pennsylvania and its actions satisfy the requirements of the "long arm" statute and make the exercise of jurisdiction by this Court over this defendant permissible. Allowing plaintiff to litigate this case in Pennsylvania will also promote judicial economy. The case will proceed more effectively and expediently in Pennsylvania than in Delaware because most of the documentation, medical witnesses, as well as defendants are in Pennsylvania.

As such, defendant's Motion to Dismiss must be overruled. In the event that the Court is not inclined to dismiss Defendant's Motion to Dismiss outright, plaintiffs would request a reasonable amount of time to conduct discovery on all relevant issues in the form attached.

**V        CONCLUSION**

For all of the foregoing reasons, plaintiff requests this Court deny the Defendant's Motion. In the event the Court is not inclined to deny defendant, Martuscelli's, Motion outright, plaintiff respectfully

requests a reasonable amount of time to conduct discovery on all relevant issues in the form attached.

                              Respectfully submitted,

                              WAPNER, NEWMAN, WIGRIZER & BRECHER

BY: _____
      ROBERT S. MILLER, ESQUIRE
      ADAM S. GETSON, ESQUIRE
      Attorney for Plaintiff, Robyn E. Zavodnick

CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of the enclosed Plaintiff's Reply to Defendant, Martuscelli's, Motion to Dismiss Plaintiff's Complaint was sent to all parties by United States first-class mail, postage pre-paid on March 28, 2005.

Thomas P. Wagner, Esquire
Rawle & Henderson, LLP.
One Widener Building
One South Penn Square
Philadelphia, PA 19107

Mark F. DiGiovanni, Esquire
Devlin & Devine
100 West Elm Street, Suite 200
Conshohocken, PA 19428

        WAPNER, NEWMAN, WIGRIZER & BRECHER

BY: _____
ROBERT S. MILLER, ESQUIRE
ADAM S. GETSON, ESQUIRE
Attorney for Plaintiff, Robyn E. Zavodnick

*Page 11*