IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBYN E. ZAVODNICK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-CV-660 |
| | : | |
| KAILASH SAYL and 7-ELEVEN, INC. | : | |
| and | : | Jury Trial |
| MARTUSCELLI INVESTMENT | : | |
| ASSOCIATES | : | |

## ORDER

AND NOW, this            day of            , 2005, upon consideration of Defendant Martuscelli Investment Associates' Motion to Dismiss and Defendants Kailash Sayl and 7-Eleven, Inc.'s Response Brief in Support thereof, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED** and Plaintiff's Complaint against all Defendants is

(1)     dismissed with prejudice, or, in the alternate,

(2)     transferred to the United States District Court for the District of Delaware.

_____, J.

1120756 v.1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBYN E. ZAVODNICK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-CV-660 |
| | : | |
| KAILASH SAYL and 7-ELEVEN, INC. | : | |
| and | : | Jury Trial |
| MARTUSCELLI INVESTMENT | : | |
| ASSOCIATES | : | |

### DEFENDANTS KAILASH SAYL AND 7-ELEVEN, INC.'S RESPONSE TO DEFENDANT MARTUSCELLI INVESTMENT ASSOCIATES' MOTION TO DISMISS

Defendants Kailash Sayl and 7-Eleven, Inc., by and through their attorneys, Rawle & Henderson, LLP, hereby responds to Defendant Martuscelli Investment Associates' Motion to Dismiss Plaintiff's Complaint, and avers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Answering Defendants admit that Plaintiff's Complaint sets forth the allegation as stated in Defendant Martuscelli's Motion to Dismiss. Answering Defendants deny the allegations in Plaintiff's Complaint as set forth in Defendants' Answer, which is incorporated herein by reference.

5. Neither admitted or denied. Defendants Kailash Sayl and 7-Eleven, Inc., after reasonable investigation, do not have information sufficient to form a response to this paragraph.

6. Admitted.

1120756 v.1

7. Admitted.

WHEREFORE, responding Defendants Kailash Sayl and 7-Eleven, Inc. respectfully request that this Honorable Court grant Defendant Martuscelli Investment Associates' Motion to Dismiss Plaintiff's Complaint with Prejudice, or in the alternative, transfer this action to the Federal District of Delaware.

           RAWLE & HENDERSON, LLP


           By: /s/ Thomas P. Wagner
           Thomas P. Wagner, Esquire
           Identification No. 27145
           Matthew J. McLees, Esquire
           Identification No. 71592
           Attorneys for Defendants
           7-Eleven, Inc. and
           Kailash Sayl

           The Widener Building
           One South Penn Square
           Philadelphia, PA 19107
           (215)575-4200

Date: March 28, 2005

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBYN E. ZAVODNICK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-CV-660 |
| | : | |
| KAILASH SAYL and 7-ELEVEN, INC. | : | |
| and | : | Jury Trial |
| MARTUSCELLI INVESTMENT | : | |
| ASSOCIATES | : | |

**DEFENDANTS KAILASH SAYL AND 7-ELEVEN, INC.'S RESPONSE BRIEF
IN SUPPORT OF DEFENDANT MARTUSCELLI INVESTMENT ASSOCIATES'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT BASED ON
IMPROPER VENUE OR *FORUM NON CONVENIENS***

Defendants Kailash Sayl ("Sayl") and 7-Eleven, Inc. ("7-Eleven"), by and through their attorneys Rawle & Henderson, LLP, files this Response Brief in Support of Defendant Martuscelli Investment Associates' Motion to Dismiss Plaintiff's Complaint based on improper venue or *forum non conveniens* and avers as follows:

**I.    FACTS**

Plaintiff Robyn E. Zavodnick alleges she sustained injuries as a result of a trip and fall in the parking lot of a 7-Eleven at 100 Four Seasons Parkway in the State of Delaware on December 1, 2003. Defendant Martuscelli Investment Associates ("Martuscelli") owns the property in which the 7-Eleven and parking lot are located. Defendant Sayl is the franchisee who operates the subject 7-Eleven.

Plaintiff's alleged trip and fall occurred in Delaware. The alleged harm and injuries occurred in Delaware. Therefore, plaintiff's cause of action arises from events that occurred in the State of Delaware.

On February 11, 2005, Plaintiff filed a Complaint in the United States District Court for the Eastern District of Pennsylvania based upon diversity jurisdiction. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A." Defendants 7-Eleven and Sayl filed an Answer to Plaintiff's Complaint alleging an affirmative defense of improper venue. A true and correct copy of Defendants Sayl and 7-Eleven's Answer is attached hereto as Exhibit "B."

Plaintiff's Complaint alleges that venue is proper because Defendants conduct business regularly in Pennsylvania. As stated by Martuscelli in its Motion to Dismiss, it is a Delaware corporation that does not own property or conduct business in Pennsylvania. Defendant Kailash Sayl is a resident of Maryland and works in Delaware. Defendant 7-Eleven is a Texas corporation which conducts business throughout the United States.

## II.    LEGAL ARGUMENT

Section 1391(a) of Title 28 of the United States Code states the following:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*.

(emphasis added). As not all defendants reside in the same state, venue must be determined by the location where "a substantial part of the events or omissions giving rise to the claim occurred,…". 28 U.S.C. § 1391(a)(2).

Plaintiff alleges that she fell in the parking lot of a 7-Eleven in the State of Delaware. She alleges that she suffered injuries due to this fall in the State of Delaware. The alleged trip and fall and resulting injuries to Plaintiff, therefore, are the "substantial part of the events" giving rise to her claim. Plaintiff's cause of action therefore arose in the State of Delaware, and venue

1120756 v.1

is therefore not proper in the State of Pennsylvania. Further, Pennsylvania common law has a well-established test for determining whether a matter should be dismissed based on *forum non conveniens*, looking to two factors:

> (1) that since it is for the plaintiff to chose the place of suit, his choice of forum should not be disturbed except for weighty reasons, and (2) that the action will not be dismissed in any event unless an alternative forum is available to the plaintiff.

*Plum v. Tampax, Inc.*, 160 A.2d 549, 553 (Pa. 1960).

The Court looks to both private and public interest factors in determining whether sufficient "weighty factors" allow for dismissal. *Engstrom v. Bayer Corp.*, 855 A.2d 52 (Pa.Super 2004). Private interests include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of viewing of the premises (if applicable) and any other practical issue making a trial "easy, expeditious, and inexpensive." *Petty v. Suburban General Hospital*, 525 A.2d 1230, 1232 (Pa.Super. 1987). The Courts also consider the enforceability of any judgments rendered. Public concerns to be considered include; administrative difficulties, including case load of a court; whether the burden of jury duty should be shouldered in the forum, and appropriateness of holding a trial in a forum, as it may involve deciding complex conflict of law issues. *Id*. The *Plum* court emphasized that these factors should "supplement" each other, rather than be treated as mutually exclusive. *Supra*.

It is clear from the facts involved in this matter that Pennsylvania is an inconvenient forum for all Defendants. Witnesses for all Defendants are available in Delaware and the premises of the alleged fall is located in Delaware. Although unknown at this time, should there be witnesses to Plaintiff's alleged fall, they will likely be located in Delaware. Further, all public

1120756 v.1

factors, including the burden to the Court and citizenry of Pennsylvania, administrative concerns and complexity of law apply to this matter, as Delaware law will likely govern this matter.

### III. CONCLUSION

For the foregoing reasons, Defendants 7-Eleven, Inc. and Kailash Sayl respectfully request that this Honorable Court grant dismiss this matter with prejudice or, in the alternate, transfer venue to the United States District for the District of Delaware.

                                                        RAWLE & HENDERSON, LLP

                                                        By:   /s/ Thomas P. Wagner_____
                                                        Thomas P. Wagner, Esquire
                                                        Identification No. 27145
                                                        Matthew J. McLees, Esquire
                                                        Identification No. 71592
                                                        Attorneys for Defendants
                                                        7-Eleven, Inc. and
                                                        Kailash Sayl

                                                        The Widener Building
                                                        One South Penn Square
                                                        Philadelphia, PA 19107
                                                        (215)575-4200

Date: March 28, 2005

1120756 v.1

# CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Complaint was sent by First Class mail, postage prepaid, to the following counsel of record:

Robert S. Miller, Esquire
Wapner, Newman, Wigrizer & Brecher
115 South 21st Street
Philadelphia, PA 19147

Mark F. DiGiovanni, Esquire
Devlin & Devine
100 W. Elm Street
Suite 200
Conshohocken, PA 19428


RAWLE & HENDERSON LLP


By: ___/s/ Thomas P. Wagner_____
      Thomas P. Wagner, Esquire
      Matthew J. McLees, Esquire
      Attorneys for Defendants,
      Kailash Sayl and 7-Eleven, Inc.

Date: March 28, 2005

1120756 v.1