IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBYN E. ZAVODNICK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-CV-660 |
| | : | |
| KAILASH SAYL and 7-ELEVEN, INC. | : | |
| and | : | |
| MARTUSCELLI INVESTMENT | : | |
| ASSOCIATES | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                                           **July 27 , 2005**

Robyn Zavodnick claims the negligence of Defendants Kailash Sayl, 7-Eleven, Inc. and Martuscelli Investment Associates caused her to trip and fall in a pothole in the parking lot of a Delaware 7-Eleven. Martuscelli filed a motion to dismiss Zavodnick's complaint under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction or under Fed.R.Civ.P. 12(b)(3) for improper venue. Alternatively, the Defendants ask this Court to transfer this matter to Delaware. This Court grants Defendants' motion and transfers Zavodnick's case to the District of Delaware.

**BACKGROUND**

Zavodnick, a resident of Pennsylvania, filed an action in this Court based on diversity. On December 1, 2003, she was a business invitee at a 7-Eleven located at 100 Four Seasons Parkway in Delaware. Sayl, the franchisee, controlled and maintained the 7-Eleven. 7-Eleven leased the property from Martuscelli, who owns the property in which the 7-Eleven and its parking lot are located.

7-Eleven is incorporated and has its principle place of business in Texas. It conducts business throughout the United States. Martuscelli is incorporated and has its principle place of business in Delaware. Martuscelli does not own property or conduct business in Pennsylvania. Sayl works in Delaware and is a resident of Maryland.

**DISCUSSION**[1]

The defendant bears the burden of proving venue is improper. *Myers v. Am. Dental Assoc.*, 695 F.2d 716, 724-25 (3d Cir. 1982). The subject matter jurisdiction in this case is based solely on diversity of citizenship, and the statute controlling venue based on diversity is 28 U.S.C. § 1391 (a):

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*.

(emphasis added). Venue in this case must be determined by the location where "a substantial part of the events or omissions giving rise to the claim occurred" because all defendants do not reside in the same state. 28 U.S.C. § 1391(a)(2). In *Cottman Transmission Sys. v. Martino*, the Third Circuit explained the language of 1391(a)(2):

> favors the defendant in a venue dispute by requiring the events or omissions supporting a claim be substantial. Events or omissions that might only have some tangential connection with the dispute in litigation are not enough. Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a

---

[1]Martuscelli is the only defendant who filed the personal jurisdiction motion, which also contained the improper venue motion. Sayl and 7-Eleven joined in the improper venue portion of Martuscelli's motion. Because this Court finds venue is improper in Pennsylvania, personal jurisdiction will not be discussed.

2

remote district having no real relationship to the dispute . . . . The test for determining venue is not the defendant's "contacts" with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'

*Cottman Transimission Sys. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).

Zavodnick alleges she fell in the parking lot of a 7-Eleven in Delaware, where she suffered her injuries. The trip, fall and resulting injuries are the "substantial part of the events" giving rise to her claim. Delaware is where all events giving rise to the claim occurred. Zavodnick's cause of action arose in Delaware, and venue is therefore proper in Delaware.

The transfer provision applicable to a case filed in an improper venue is 28 U.S.C. § 1406(a). This provision provides, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This Court, in the interest of justice, finds the proper venue for Zavodnick's action is the District of Delaware. Accordingly, this Court enters the following:

**ORDER**

And now, this 27th day of July, 2005, Defendant's Motion to Dismiss or Transfer (docket #4) is GRANTED. This case is hereby transferred to the United States District Court for the District of Delaware.

BY THE COURT:

\s\ Juan R. Sánchez
Juan R. Sánchez, J.