IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBYN E. ZAVODNICK** | : | CIVIL ACTION |
| 180 Yorkshire Way | : | |
| Hatboro, PA 19040 | : | |
| | : | |
| vs. | : | NO. |
| | : | |
| **KAILASH SAYL** | : | |
| 100 Four Seasons Parkway | : | |
| Newark, DE 19702 | : | |
| and | : | |
| **7-ELEVEN, INC.** | : | |
| 2711 North Haskell Avenue | : | |
| Dallas, TX 75204-2906 | : | |
| and | : | |
| **MARTUSCELLI INVESTMENT** | : | |
| **ASSOCIATES** | : | |
| 100 Four Seasons Parkway | : | JURY TRIAL DEMANDED |
| Newark, DE 19702 | : | |

## CIVIL ACTION COMPLAINT

1.       Plaintiff, Robyn E. Zavodnick, is a citizen and resident of the Commonwealth of Pennsylvania, residing at 180 Yorkshire Way, Hatboro, PA 19040

2.       Defendant, Kilash Sayl (hereinafter "Sayl"), is a citizen and resident of the State of Delaware, residing therein at 100 Four Seasons Parkway, Newark, DE 19702.

3.       Defendant, 7-Eleven (hereinafter "7-Eleven"), is a corporation organized and existing under and by virtue of the laws of the State of Texas with it's principle place of business therein at 2711 North Haskell Avenue, Dallas, Texas 75204-2906.

4.     Defendant, Martuscelli Investment Associates (hereinafter "Martuscelli"), is a corporation organized and existing under and by virtue of the laws of the State of Delaware with it's principle place of business therein at 100 Four Seasons Parkway, Newark, DE 19702.

5.     This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars and there is diversity of citizenship between the plaintiff and defendants.

6.     Venue in this Court is proper under 28 U.S.C. §1391 because the defendants regularly conduct business within this district.

7.     At all times material hereto, defendant, 7-Eleven, was acting by and through its agents, servants and/or employees who were then and there acting in the course and scope of their employment with and under the direct control and/or right of control of the defendant.

8.     At all times material hereto, defendant, Sayl, was acting by and through its agents, servants and/or employees who were then and there acting in the course and scope of their employment with and under the direct control and/or right of control of the defendant.

9.     At all times material hereto, defendant, Martuscelli, was acting by and through its agents, servants and/or employees who were then and there acting in the course and scope of their employment with and under the direct control and/or right of control of the defendant.

10.     At all times material hereto, defendant, 7-Eleven, owned, operated, controlled and maintained building/property/convenience store including the parking lot adjacent thereto located at 100 Four Seasons Parkway, in the State of Delaware (hereinafter referred to as "premises").

11.     At all times material hereto, defendant, Sayl, owned, operated, controlled and maintained

building/property/convenience store including the parking lot adjacent thereto located at 100 Four Seasons Parkway, in the State of Delaware (hereinafter referred to as "premises").

12.     At all times material hereto, defendant, Martuscelli, owned, operated, controlled and maintained building/property/convenience store including the parking lot adjacent thereto located at 100 Four Seasons Parkway, in the State of Delaware (hereinafter referred to as "premises").

13.     On or about December 1, 2003, at or about 7:30 a.m., plaintiff, Robyn Zavodnick, was a lawful business invitee on said premises.

14.     At the time and place as aforementioned, plaintiff, Robyn Zavodnick, was walking carefully when she was suddenly and without warning caused to fall due to a negligently maintained and defective condition on/off defendants' premises, as a result of which plaintiff sustained serious, painful, permanent, personal injuries.

15.     The aforesaid accident was caused by the individual, joint and/or several negligence, carelessness and/or recklessness of the defendants, their agents, servants, employees and/or representatives, and consisted inter alia, of the following:

   a.     Causing plaintiff, Robyn Zavodnick, to fall;

   b.     Failing to adequately maintain the said premises;

   c.     Failing to warn plaintiff;

   d.     Failing to take steps to provide for the safety of business invitees such as plaintiff, Robyn Zavodnick;

   e.     Failing to provide plaintiff with a safe and adequate passageway for business invitees such as plaintiff herein;

f.   Permitting a dangerous condition to exist for an
     unreasonable length of time;

g.   Failing to perform duties which it had assumed;

h.   Failing to properly maintain parking lot on said premises;

i.   Failing to use due care under the circumstances;

j.   Failing to provide adequate light in said premises;

k.   Permitting a dangerous condition to exist for
     an unreasonable period of time;

l.   Failing to fill holes within parking lot;

m.   Failing to retain/hire a qualified contractor to repair the
     dangerous condition on said premises;

n.   Being guilty of willful, wanton and reckless mis-
     conduct; and

o.   Being otherwise careless and negligent under the
     circumstances.

p.   Failing to correct a dangerous condition;

q.   Failing to warn plaintiff of a dangerous
     condition and/or defect of the said
     premises;

r.   Failing to inspect the said premises;

16.   The accident aforementioned was caused by the negligence of the defendants herein, their

respective agents, servants and/or employees, and was due in no manner whatsoever to any act or failure to act

on the part of the plaintiff herein.

17.     At all times material hereto, the aforesaid premises was maintained by the defendants herein, their respective agents, servants and/or employees who were then and there acting in the course and scope of their employment with and under the direct control of the defendants.

18.     As a result of the accident aforementioned, plaintiff, Robyn Zavodnick, sustained multiple injuries, including, but not limited to, headaches, cervical strain and sprain, disc herniation at C5-6, cervical rediculopathy, tear of the distal supraspinatus tendon right shoulder, impingement syndrome bilateral shoulders, lumbar strain and sprain, thoracic sprain and sprain,, elbow strain and sprain as well as other injuries to her head, neck, back, spine, torso and extremities, their bones, cells, tissues, discs, muscles, cartilage, nerves and functions; together with shock and injury to her nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

19.     As a result of the aforesaid, plaintiff has undergone great physical pain and mental anguish, and she will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

20.     As a further result of defendants negligence as aforesaid, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

21.     As a result of this accident, plaintiff has suffered an injury which may be permanent, irreparable and severe.

22.     As a further result of the defendants negligence, plaintiff was unable to attend to her daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may

continue to suffer for an indefinite time in the future.

23.     As a further result of this accident, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which plaintiff would have performed, not for income, but for the benefit of herself, if she had not been so grievously injured.

24.     As a further result of defendants' negligence, plaintiff sustained associated incidental expenses and property damage loss.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

A jury trial is demanded.

WAPNER, NEWMAN, WIGRIZER & BRECHER


BY:     _____
        ROBERT S. MILLER, ESQUIRE
        115 South 21st Street
        Philadelphia, PA 19147
        (215.569.0900)