IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBYN E. ZAVODNICK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-CV-660 |
| | : | |
| KAILASH SAYL and 7-ELEVEN, INC. and MARTUSCELLI INVESTMENT ASSOCIATES | : : : : | JURY TRIAL DEMANDED |

## AMENDED ANSWER OF DEFENDANTS KAILASH SAYL AND 7-ELEVEN, INC. TO COMPLAINT OF PLAINTIFF WITH AFFIRMATIVE DEFENSES

Defendants Kailash Sayl and 7-Eleven, Inc., by and through their attorneys Rawle & Henderson, LLP hereby answer plaintiff's Complaint and assert affirmative defenses and cross claims as follows:

1. Defendants lack sufficient knowledge to either admit or deny the averments made herein, and, accordingly, strict proof thereof is demanded at trial.

2. Denied. Defendant Kailash Sayl is a citizen and resident of the State of Maryland.

3. Admitted.

4. Neither admitted nor denied. The averments contained in plaintiff's Complaint are directed at third party defendant, Martuscelli Investment Associates ("Martuscelli"), and therefore, no response is required. Without waiving the foregoing, answering defendants lack sufficient knowledge to either admit or deny the averments made in this paragraph, and, accordingly, strict proof thereof is demanded at trial.

5. Defendants lack sufficient knowledge to either admit or deny the averments made herein, and, accordingly, strict proof thereof is demanded at trial.

**Error! Unknown document property name.Error! Unknown document property name.**

6. Denied. The averments contained herein constitute conclusions of law to which no response is required. Additionally, it is specifically denied that venue is proper in the United States District Court for the Eastern District of Pennsylvania.

7. Denied. The averments contained herein constitute conclusions of law to which no response is required. To the extent that a response is required, defendants deny the averments.

8. Denied. The averments contained herein constitute conclusions of law to which no response is required. Additionally, defendants lack sufficient knowledge to either admit or deny the averments made herein, and, accordingly, strict proof thereof is demanded. To the extent that a response is required, defendants deny the averments.

9. Neither admitted nor denied. The averments contained in plaintiff's Complaint are directed at third party defendant, Martuscelli, and therefore, no response is required. Without waiving the foregoing, answering defendants lack sufficient knowledge to either admit or deny the averments made in plaintiff's Complaint, and, accordingly, strict proof thereof is demanded at trial.

10. Denied. Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state conclusions of law which are deemed denied. By way of further answer, but not in derogation of the foregoing, it is denied that defendant 7-Eleven, Inc. owned, operated, controlled and maintained the building/property/convenience store including the parking lot adjacent thereto located at 100 Four Seasons Parkway, in the State of Delaware.

11. Denied. Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state conclusions of law which are deemed denied. By way

of further answer, but not in derogation of the foregoing, it is denied that defendant Sayl owned, operated, controlled and maintained the parking lot adjacent to a convenient store located at 100 Four Seasons Parkway, in the State of Delaware.  By way of further answer, but not in derogation of the foregoing, it is admitted that defendant Sayl was a franchisee of a convenience store located at 100 Four Seasons Parkway, in the State of Delaware, and was responsible for maintaining the interior of the store in accordance with the franchise agreement.

12. Neither admitted nor denied.  The averments contained in plaintiff's Complaint are directed at third party defendant, Martuscelli, and therefore, no response is required.  Without waiving the foregoing, answering defendants lack sufficient knowledge to either admit or deny the averments made in plaintiff's Complaint, and, accordingly, strict proof thereof is demanded at trial.

13. Denied.  Defendants lack sufficient knowledge to either admit or deny the averments made herein, and, accordingly, strict proof thereof is demanded at trial.

14. Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state conclusions of law which are deemed denied.  Additionally, defendants lack sufficient knowledge to either admit or deny the averments made herein, and, accordingly, strict proof thereof is demanded at trial.

15. (a) through (r), inclusive.  Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state conclusions of law which are deemed denied.

16. Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state conclusions of law which are deemed denied.

17. Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this

paragraph as the averments therein state conclusions of law which are deemed denied. By way of further answer, but not in derogation of the foregoing, answering defendants deny that the premises in question were maintained by answering defendants or their respective agents, servants and/or employees who were then and there acting in the course and scope of their employment with and under the direct control of the answering defendants at any time material hereto.

18. Denied. Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state, in part, conclusions of law which are deemed denied. Additionally, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and they are, accordingly, denied and strict proof thereof is demanded. By way of further answer, but not in derogation of the foregoing, answering defendants deny that the any act or omission to act on their part caused plaintiff's alleged injuries and/or alleged damages.

19. Denied. Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state, in part, conclusions of law which are deemed denied. Additionally, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and they are, accordingly, denied and strict proof thereof is demanded. By way of further answer, but not in derogation of the foregoing, answering defendants deny that the any act or omission to act on their part caused plaintiff's alleged injuries and/or alleged damages.

20. Denied. Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state, in part, conclusions of law which are deemed denied. Additionally, answering defendants are without knowledge or information sufficient to form a

belief as to the truth of the remaining averments in this paragraph and they are, accordingly, denied and strict proof thereof is demanded. By way of further answer, but not in derogation of the foregoing, answering defendants deny that the any act or omission to act on their part caused plaintiff's alleged injuries and/or alleged damages. By way of further answer, but not in derogation of the foregoing, answering defendants deny that they were negligent in any respect.

21. Denied. Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state, in part, conclusions of law which are deemed denied. Additionally, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and they are, accordingly, denied and strict proof thereof is demanded. By way of further answer, but not in derogation of the foregoing, answering defendants deny that the any act or omission to act on their part caused plaintiff's alleged injuries and/or alleged damages.

22. Denied. Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state, in part, conclusions of law which are deemed denied. Additionally, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and they are, accordingly, denied and strict proof thereof is demanded. By way of further answer, but not in derogation of the foregoing, answering defendants deny that the any act or omission to act on their part caused plaintiff's alleged injuries and/or alleged damages. By way of further answer, but not in derogation of the foregoing, answering defendants deny that they were negligent in any respect.

23. Denied. Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state, in part, conclusions of law which are deemed denied. Additionally, answering defendants are without knowledge or information sufficient to form a

belief as to the truth of the remaining averments in this paragraph and they are, accordingly, denied and strict proof thereof is demanded.  By way of further answer, but not in derogation of the foregoing, answering defendants deny that the any act or omission to act on their part caused plaintiff's alleged injuries and/or alleged damages.

      24.      Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state, in part, conclusions of law which are deemed denied.  Additionally, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and they are, accordingly, denied and strict proof thereof is demanded.  By way of further answer, but not in derogation of the foregoing, answering defendants deny that the any act or omission to act on their part caused plaintiff's alleged injuries and/or alleged damages.  By way of further answer, but not in derogation of the foregoing, answering defendants deny that they were negligent in any respect.

      WHEREFORE, Defendants 7-Eleven, Inc. and Kailash Sayl respectfully request that judgment be entered in its favor and against Plaintiff Robyn Zavodnick on all claims, and costs and attorney's fees be awarded in favor of Defendants.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

25. Plaintiff has filed this action in the improper venue.

### SECOND AFFIRMATIVE DEFENSE

26. If plaintiff was injured as she alleges, said injuries were not due to the acts and/or omissions of answering defendants.

### THIRD AFFIRMATIVE DEFENSE

27. Answering defendants owed no duty to plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

28. Plaintiff assumed the risk of injury and therefore her claims should be denied.

### FIFTH AFFIRMATIVE DEFENSE

29. Plaintiffs' Complaint fails to state a cause of action and fails to state a claim upon which relief can be granted against defendants.

### SIXTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred as her alleged injuries were or may have been caused by negligent acts or omissions of plaintiff, which caused or contributed to the alleged injuries and resulting damages and/or loss, if any.

### SEVENTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred in whole or in part by the doctrine of contributory negligence and/or comparative negligence, in that plaintiff's negligence caused or contributed to the alleged injuries and damages.

**EIGHTH AFFIRMATIVE DEFENSE**

32. Plaintiff's claims are barred as her alleged injuries were or may have been caused by the acts of others for whom defendants are not responsible, and the negligent acts or omissions of individuals and/or entities other than defendants may have caused or contributed to the alleged injuries and the resulting damages and/or loss, if any.

**NINTH AFFIRMATIVE DEFENSE**

33. The negligent acts and/or omissions of individuals and/or entities other than defendants may constitute intervening superseding acts of negligence, which caused plaintiff's injuries and damages.

**TENTH AFFIRMATIVE DEFENSE**

34. Defendants are not subject to personal jurisdiction in Pennsylvania.

WHEREFORE, Defendants 7-Eleven, Inc. and Kailash Sayl respectfully request that judgment be entered in their favor and against Plaintiff Robyn Zavodnick on all claims, and costs and attorney's fees be awarded in favor of Defendants.

**NEW MATTER CROSSCLAIM PURSUANT TO F.R.C.P. 13**
**DIRECTED TO DEFENDANT MARTUSCELLI INVESTMENT ASSOCIATES**

35. Answering defendants 7-Eleven and Sayl, while denying any and all allegations in plaintiff's Complaint, nevertheless assert that if they are found liable to plaintiff, answering defendants' negligence or other liability-producing conduct, if any, was passive, secondary and unrelated and that the negligence or other liability-producing conduct of defendant Martuscelli Investment Associates was active, primary and proximate.

36.     Answering defendants deny that they are liable to plaintiff for any sum or sums whatsoever; however, if such liability should be found at the time of trial and all such liability hereby is again specifically denied, then, as alleged in plaintiff's Complaint and according to the facts set forth therein, defendant Martuscelli Investment Associates is alone liable to plaintiff, jointly and/or severally liable with answering defendants 7-Eleven and Sayl and/or liable over to answering defendants 7-Eleven and Sayl under the principals of contribution and/or indemnity for any sum or sums adjudged due to plaintiff, or paid to plaintiff, by answering defendants by way of judgment, verdict or settlement, including an award of costs and fees.

37.     Answering defendants deny that they are liable to plaintiff for any sum or sums whatsoever; however, if such liability should be found at the time of trial and all such liability hereby is again specifically denied, then, as alleged in plaintiff's Complaint and according to the facts set forth therein, defendant Martuscelli Investment Associates is alone liable to plaintiff, jointly and/or severally liable with answering defendants 7-Eleven and Sayl and/or liable over to answering defendants 7-Eleven and Sayl as this incident allegedly took place in the parking lot of the 7-Eleven store.  The lease agreement between 7-Eleven, Sayl and Martuscelli states that "Lessor [Martuscelli] agrees to maintain in good repair the outside walls, roof and floor of the building and surface of the parking areas, sidewalks and driveways..."  See Paragraph 9, page 2 of the Lease Agreement, a true and correct copy of which is attached hereto as Exhibit "A."

WHEREFORE, defendants 7-Eleven, Inc. and Kailash Sayl deny liability to any party in any sum or sums and demand that judgment be entered in their favor together with attorneys' fees and costs.

                                  RAWLE & HENDERSON LLP

                                By: /s/ Thomas P. Wagner
                                    Thomas P. Wagner, Esquire
                                    Identification No. 27145
                                    Matthew J. McLees, Esquire
                                    Identification No. 71592
                                    Attorneys for Defendants
                                    7-Eleven, Inc. and
                                    Kailash Sayl

                                    The Widener Building
                                    One South Penn Square
                                    Philadelphia, PA 19107
Date:                                (215)575-4200

# CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Complaint was sent by First Class mail, postage prepaid, to the following counsel of record:

Robert S. Miller, Esquire
Wapner, Newman, Wigrizer & Brecher
115 South 21st Street
Philadelphia, PA 19147

Mark F. DiGiovanni, Esquire
Devlin & Devine
100 W. Elm Street
Suite 200
Conshohocken, PA 19428

RAWLE & HENDERSON LLP

By: /s/ Thomas P. Wagner
Thomas P. Wagner, Esquire
Matthew J. McLees, Esquire
Attorneys for Defendants,
Kailash Sayl and 7-Eleven, Inc.

Dated:

**Error! Unknown document property name.Error! Unknown document property name.**