IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBYN E. ZAVODNICK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-CV-639 |
| | : | |
| KAILASH SAYL and 7-ELEVEN, INC. | : | DEMAND FOR JURY |
| | : | TRIAL OF TWELVE |
| and | : | |
| | : | |
| MARTUSCELLI INVESTMENT | : | |
| ASSOCIATES | : | |

ANSWER OF MARTUSCELLI INVESTMENT ASSOCIATES

1. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

2. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

3. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

4. Admitted, except that the answering defendant is a Delaware partnership, not a corporation.

5. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for legal conclusion.

6. It is admitted that the answering defendant regularly conducts business within the State of Delaware. The answering defendant is unable to either admit or deny the balance of the averments set forth in this paragraph of the complaint as they call for legal conclusion.

7.   As to the answering defendant, denied.  The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

8.   As to the answering defendant, denied.  The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

9.   Denied.

10.  It is denied that co-defendant, 7-Eleven, owned the building/property/convenience store including the parking lot located at 100 Four Seasons Parkway in the State of Delaware.  It is admitted that the Southland Corporation operated, controlled and maintained the building/property/convenience store located at 4 Seasons Shopping Plaza in the State of Delaware.  The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

11.  It is denied that the co-defendant Sayl, owned the building/property/convenience store including the parking lot adjacent thereto located at 100 Four Seasons Parkway in the State of Delaware.  The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

12.  It is admitted that on or about December 1, 2003, the answering defendant owned the building/property/convenience store including portions of the parking lot adjacent thereto located at

100 Four Seasons Parkway in the State of Delaware.  The balance of the averments set forth in this paragraph of the complaint are denied.

13.  The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

14.  Any negligence of the answering defendant, and any defective condition on the answering defendant's premises is denied.  The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

15.(a)-(r)    Denied as to the answering defendant.  The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

16.  Any negligence of the answering defendant is denied. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the conduct of the co-defendants.  The balance of the averments set forth in this paragraph of the complaint are denied.

17.  Denied as to the answering defendant.  The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

18.  To the extent that any negligence on the on the part of the answering defendant is alleged or implied, it is denied.  The answering defendant is without knowledge or information

sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

19.    To the extent that any negligence on the on the part of the answering defendant is alleged or implied, it is denied.  The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

20.    Any negligence of the answering defendant is denied. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

21.    To the extent that any negligence on the on the part of the answering defendant is alleged or implied, it is denied.  The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

22.    Any negligence of the answering defendant is denied. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

23.    To the extent that any negligence on the on the part of the answering defendant is alleged or implied, it is denied.  The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

24.    Any negligence of the answering defendant is denied. The answering defendant is without knowledge or information

sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

<u>AFFIRMATIVE DEFENSES</u>

25.   This claim is barred by the statute of limitations.

26.   Plaintiff's claims are barred by the Doctrine of Assumption of the Risk.

27.   The complaint fails to join an indispensable party.

28.   Prejudgment interest is not recoverable.

29.   Special damages not set forth with specificity.

30.   The injuries alleged preexisted the incident alleged in plaintiff's complaint or are otherwise not related to the alleged incident.

31.   The accident was due to the negligence of another.

32.   Medical bills claimed are not reasonable, necessary, and proximately related to the incident.

33.   Lost wages claimed are not reasonable, necessary, and proximately related to the incident.

34.   Plaintiff was negligent in a manner proximately causing the incident in that she:

(a)   failed to maintain a proper lookout;

(b)   failed to maintain proper control of her body;

(c)   failed to give full time and attention to the area where she was walking and take adequate precautions for her own safety;

(d)   assumed the risk of her own injuries;

(e)   failed to notice an open and obvious condition;

(f)   had the last clear chance to avoid the incident;

(g)   was otherwise negligent as discovery may show.

To the extent that such negligence is determined to be greater than fifty percent of the total percentage of fault, then that negligence bars any recovery.  In the event that the negligence was fifty percent or less, the recovery must be reduced by the percentage of fault attributed to the plaintiff.

35.   The claim against the answering defendant fails to state a claim upon which relief may be granted as the area where plaintiff alleges tha the incident occurred was not within the custody or control of the answering defendant.

<u>CROSS CLAIMS</u>

36.   The answering defendant denies that it is to be liable to the plaintiff, however, in the alternative, should judgment be entered in favor of the plaintiff and against the answering defendant, the answering defendant demands judgment over and against co-defendants, Kailash Sayl and 7-Eleven, Inc., for contribution and further demands that the relative degrees of fault be ascertained and utilized in fixing the amount of that judgment, on accordance with Delaware's Uniform Contribution Amongst Tort Feasor's Law, 10 <u>Del</u>.<u>C</u>. §§ 6301-6308.

37   The answering defendant denies that it is to be liable to the plaintiff, however, in the alternative, should judgment be entered in favor of the plaintiff and against the answering defendant, the answering defendant demands judgment over and against co-defendants, Kailash Sayl and 7-Eleven, Inc., for the amount of any judgment that might be entered in favor of the plaintiff and against the answering defendant, plus all of the

answering defendant's expenses in conducting the defense of this law suit, including, but not limited to expert witness fees, reasonable attorneys fees, interest and costs.

WHEREFORE, the defendant, Martuscelli Investment Associates, demands that the complaint be dismissed with prejudice with costs assessed against the plaintiff, or in the alternative, that judgment be entered against the co-defendants, Kailash Sayl and 7-Eleven, Inc., for contribution or indemnification, plus expert witness fees, reasonable attorneys fees, interest and costs.

/s/ Kenneth M. Doss
Kenneth M. Doss, Esquire
I.D. No. 2862
CASARINO, CHRISTMAN & SHALK, P.A.
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
Attorney for Defendant,
Dated: November 30, 2005          Martuscelli Investment Associates

<u>**CERTIFICATE OF SERVICE**</u>

I, KENNETH M. DOSS, ESQUIRE, hereby certify that I have served via electronic filing on this <u>30th</u> day of <u>November, 2005</u>, and mailed two true and correct copies of the attached Answer of Martuscelli Investment Associates addressed to:

    Robert S. Miller, Esquire
    Wapner, Newman, Wigrizer & Brecher
    115 South 21st Street
    Philadelphia, PA 19147

    Matthew J. McLees, Esquire
    Rawle & Henderson, LLP
    The Widener Building
    One South Penn Square
    Philadelphia, PA 19107

    Richard H. Morse, Esquire
    Young, Conaway, Stargett & Taylor, L.L.P.
    1000 West Street, 17th Floor
    P.O. Box 391
    Wilmington, DE 19899

    Delia Ann Clark, Esquire
    Rawle & Henderson LLP
    300 Delaware Avenue, Suite 1015
    P.O. Box 588
    Wilmington, DE 19899-0588

                    <u>/s/ Kenneth M. Doss</u>
                    Kenneth M. Doss, Esquire
                    I.D. No. 2862
                    CASARINO, CHRISTMAN & SHALK, P.A.
                    800 North King Street, Suite 200
                    P.O. Box 1276
                    Wilmington, DE 19899
                    (302) 594-4500
                    Attorney for Defendant
                    Martuscelli Investment Associates