IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBYN E. ZAVODNICK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05cv639 |
| | : | |
| KAILASH SAYL and 7-ELEVEN, INC. | : | |
| and | : | JURY TRIAL DEMANDED |
| MARTUSCELLI INVESTMENT | : | |
| ASSOCIATES | : | |

**MOTION FOR LEAVE TO AMEND THE CROSS-CLAIM OF**
**<u>DEFENDANTS KAILASH SAYL AND 7-ELEVEN, INC.</u>**

Defendants Kailash Sayl and 7-Eleven, Inc., by and through their counsel, Rawle & Henderson, LLP, hereby move this Court for an order granting leave to amend defendants' cross-claim, and in support thereof aver as follows:

1. On February 11, 2005 plaintiff filed this action in premises liability against defendants in the United States District Court for the Eastern District of Pennsylvania. Plaintiff asserts that she tripped and fell in the parking lot near a 7-Eleven store.

2. On March 14, 2005, defendants Kailash Sayl (hereafter, "Sayl") and 7-Eleven, Inc. (hereafter, "7-Eleven") filed their answer with affirmative defenses and with a cross-claim pursuant to Rule 13 of the Federal Rules of Civil Procedure. The cross-claim of defendants included a claim for contribution and indemnity against co-defendant Martuscelli Investment Associates (hereafter, "Martuscelli"). A copy of said answer is attached hereto as Exhibit "A."

3. On March 20, 2005, defendants Sayl and 7-Eleven filed an Amended Answer with Affirmative Defenses and a Cross-Claim pursuant to Rule 13 of the Federal Rules of Civil Procedure against co-defendant Martuscelli. The Cross-Claim

1246336 v.1

of defendants included a claim for contribution and indemnity against co-defendant Martuscelli. A copy of said amended answer is attached hereto as Exhibit "B."

4. On July 27, 2005, this civil action was transferred to the United States District Court for the District of Delaware because it is the proper venue to hear the matter.

5. Defendants Sayl and 7-Eleven contend that co-defendant Martuscelli was responsible for the maintenance and repair of the parking lot at issue pursuant to the terms of a lease contract between defendant 7-Eleven and co-defendant Matuscelli. A true and correct copy of the lease contract is attached hereto as Exhibit "C."

6. In order to clarify the allegations contained in the cross-claim against Martuscelli, defendants Sayl and 7-Eleven seek to amend the cross-claim to incorporate more fully the provisions of the lease contract with Martuscelli. Further, defendants Sayl and 7-Eleven seek to amend the cross-claim to more fully assert that should it be proven that a defect in the parking lot at issue caused the incident, thereby establishing that Martuscelli breached the lease contract by failing to properly maintain the parking lot and this breach caused any alleged damages incurred by the plaintiff and/or defendants Sayl and 7-Eleven.

7. Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires…." Federal Rule of Civil Procedure 15(a).

8. The United States Court of Appeals for the Third Circuit has held that motions to amend pleadings shall be liberally granted. See, *Adams v. Gould Inc.*, 739

F.2d 858, 867-68 (3d Cir. 1984). ("[U]nder the liberal pleading philosophy of the Federal Rules and as incorporated in Rule 15(a), an amendment should be allowed whenever there has not been undue delay, bad faith on the part of the [movant] or prejudice to the [non-movant] as a result of the delay.") Further, the plain terms of Rule 15(a) do not discriminate on the basis of type of pleading. *Long v. Rolson*, 393 F.3d 390 (3d Cir. 2004).

      9.  In the present matter, the initial scheduling conference with the Court took place on November 30, 2005 and discovery deadlines have just recently been set forth (the discovery deadline is June 16, 2006). Accordingly, no significant discovery has taken place to date. Further, this Motion for Leave to Amend the Pleadings is being filed within the time prescribed by the Court's Scheduling Order. As there has been no undue delay on the part of moving defendants in seeking to amend the Cross-Claim, there has been no bad faith on the part of moving defendants, and no party will be prejudiced by the amendment to the Cross-Claim since significant discovery has not yet taken place.

      10.  Defendants Kailash Sayl and 7-Eleven, Inc. hereby request leave of court to amend their Cross-Claim to incorporate more fully the lease contract between the moving defendants and co-defendant Martuscelli and to more fully set forth the assertion that Martuscelli breached the terms of the lease contract at issue and that this breach has resulted in alleged damages to the parties.

      11.  The proposed amended pleading should be allowed, since it will work no prejudice against any party. Moving defendants have already pled contribution and indemnity in its Cross-Claim. Moving defendants are merely amplifying the

allegations against Martuscelli Investment Associates by incorporating more fully references to the lease contract. A copy of the Amended Answer with Amended Cross cliam is attached hereto as Exhibit "D".

WHEREFORE, for all of the foregoing reasons, defendants hereby respectfully request that this Honorable Court enter an order in the form proposed, granting defendants Kailash Sayl and 7-Eleven, Inc. leave to file the amended cross-claim against co-defendant Martuscelli Investment Associates.

RAWLE & HENDERSON, LLP

By: _____/s/Delia A. Clark_____
Delia Clark, Esquire (3337)
300 Delaware Ave., Suite 1015
Wilmington, Delaware 19801
(302) 778-1200
Attorneys for Defendants,
Kailash Sayl and 7-Eleven, Inc.

Date:

1246336 v.1

## CERTIFICATION OF SERVICE

I hereby certify that on today's date I served a true and correct copy of the foregoing pleading by first-class mail, postage prepaid, and/or electronically upon all attorneys of record, addressed as follows:

> Richard H. Morse, Esquire
> Young, Conaway, Stargett & Taylor, LLP
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899
>
> Robert S. Miller, Esquire
> Wapner, Newman, Wigrizer & Brecher
> 115 South 21st Street
> Philadelphia, PA 19147
>
> Kenneth M. Doss, Esquire
> Casarino, Christman & Shalk, PA
> 800 North King Street, Suite 200
> P.O. Box 1276
> Wilmington, DE 19899

RAWLE & HENDERSON, LLP


By: _____/s/Matthew J. McLees_____
          Matthew J. McLees, Esquire

1246336 v.1

1246336 v.1