**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBYN E. ZAVODNICK | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  05-CV-639 |
| | : | |
| KAILASH SAYL and 7-ELEVEN, INC. | : | |
| and | : | JURY TRIAL DEMANDED |
| MARTUSCELLI INVESTMENT | : | |
| ASSOCIATES | : | |

---

**AMENDED ANSWER OF DEFENDANTS KAILASH SAYL AND
7-ELEVEN, INC. TO  COMPLAINT OF PLAINTIFF WITH
AFFIRMATIVE DEFENSES AND AMENDED CROSS-CLAIM
<u>DIRECTED TO DEFENDANT MARTUSCELLI INVESTMENT ASSOCIATES</u>**

Defendants Kailash Sayl and 7-Eleven, Inc., by and through their attorneys Rawle & Henderson, LLP hereby answer plaintiff's Complaint and assert affirmative defenses and cross claims as follows:

1.      Defendants lack sufficient knowledge to either admit or deny the averments made herein, and, accordingly, strict proof thereof is demanded at trial.

2.      Denied.   Defendant Kailash Sayl is a citizen and resident of the State of Maryland.

3.      Admitted.

4.      Neither admitted nor denied.  The averments contained in plaintiff's Complaint are directed at third party defendant, Martuscelli Investment Associates ("Martuscelli"), and therefore, no response is required.  Without waiving the foregoing, answering defendants lack sufficient knowledge to either admit or deny the averments made in this paragraph, and, accordingly, strict proof thereof is demanded at trial.

5.      Defendants lack sufficient knowledge to either admit or deny the averments made herein, and, accordingly, strict proof thereof is demanded at trial.

6.      Denied.  The averments contained herein constitute conclusions of law to which no response is required.  Additionally, it is specifically denied that venue is proper in the United States District Court for the Eastern District of Pennsylvania.

7.      Denied.  The averments contained herein constitute conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the averments.

8.      Denied.  The averments contained herein constitute conclusions of law to which no response is required.  Additionally, defendants lack sufficient knowledge to either admit or deny the averments made herein, and, accordingly, strict proof thereof is demanded.  To the extent that a response is required, defendants deny the averments.

9.      Neither admitted nor denied.  The averments contained in plaintiff's Complaint are directed at third party defendant, Martuscelli, and therefore, no response is required.  Without waiving the foregoing, answering defendants lack sufficient knowledge to either admit or deny the averments made in plaintiff's Complaint, and, accordingly, strict proof thereof is demanded at trial.

10.     Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state conclusions of law which are deemed denied.  By way of further answer, but not in derogation of the foregoing, it is denied that defendant 7-Eleven, Inc. owned, operated, controlled and maintained the building/property/convenience store including the parking lot adjacent thereto located at 100 Four Seasons Parkway, in the State of Delaware.

11.     Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state conclusions of law which are deemed denied.  By way of further answer, but not in derogation of the foregoing, it is denied that defendant Sayl owned, operated, controlled and maintained the parking lot adjacent to a convenient store located at 100 Four Seasons Parkway, in the State of Delaware.  By way of further answer, but not in derogation of the foregoing, it is admitted that defendant Sayl was a franchisee of a convenience store located at 100 Four Seasons Parkway, in the State of Delaware, and was responsible for maintaining the interior of the store in accordance with the franchise agreement.

12.     Neither admitted nor denied.  The averments contained in plaintiff's Complaint are directed at third party defendant, Martuscelli, and therefore, no response is required.  Without waiving the foregoing, answering defendants lack sufficient knowledge to either admit or deny the averments made in plaintiff's Complaint, and, accordingly, strict proof thereof is demanded at trial.

13.     Denied.  Defendants lack sufficient knowledge to either admit or deny the averments made herein, and, accordingly, strict proof thereof is demanded at trial.

14.     Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state conclusions of law which are deemed denied. Additionally, defendants lack sufficient knowledge to either admit or deny the averments made herein, and, accordingly, strict proof thereof is demanded at trial.

15.     (a) through (r), inclusive.  Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state conclusions of law which are deemed denied.

16.     Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state conclusions of law which are deemed denied.

17.     Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state conclusions of law which are deemed denied.  By way of further answer, but not in derogation of the foregoing, answering defendants deny that the premises in question were maintained by answering defendants or their respective agents, servants and/or employees who were then and there acting in the course and scope of their employment with and under the direct control of the answering defendants at any time material hereto.

18.     Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state, in part, conclusions of law which are deemed denied.  Additionally, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and they are, accordingly, denied and strict proof thereof is demanded.  By way of further answer, but not in derogation of the foregoing, answering defendants deny that the any act or omission to act on their part caused plaintiff's alleged injuries and/or alleged damages.

19.     Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state, in part, conclusions of law which are deemed denied.  Additionally, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and they are, accordingly, denied and strict proof thereof is demanded.  By way of further answer, but not in derogation of the foregoing, answering defendants deny that the any act or omission to act on their part caused plaintiff's alleged injuries and/or alleged damages.

20.    Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state, in part, conclusions of law which are deemed denied. Additionally, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and they are, accordingly, denied and strict proof thereof is demanded.  By way of further answer, but not in derogation of the foregoing, answering defendants deny that the any act or omission to act on their part caused plaintiff's alleged injuries and/or alleged damages.  By way of further answer, but not in derogation of the foregoing, answering defendants deny that they were negligent in any respect.

21.    Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state, in part, conclusions of law which are deemed denied. Additionally, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and they are, accordingly, denied and strict proof thereof is demanded.  By way of further answer, but not in derogation of the foregoing, answering defendants deny that the any act or omission to act on their part caused plaintiff's alleged injuries and/or alleged damages.

22.    Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state, in part, conclusions of law which are deemed denied. Additionally, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and they are, accordingly, denied and strict proof thereof is demanded.  By way of further answer, but not in derogation of the foregoing, answering defendants deny that the any act or omission to act on their part caused plaintiff's alleged injuries and/or alleged damages.  By way of further answer, but not in derogation of the foregoing, answering defendants deny that they were negligent in any respect.

23.     Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state, in part, conclusions of law which are deemed denied. Additionally, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and they are, accordingly, denied and strict proof thereof is demanded.  By way of further answer, but not in derogation of the foregoing, answering defendants deny that the any act or omission to act on their part caused plaintiff's alleged injuries and/or alleged damages.

24.     Denied.  Under the Federal Rules of Civil Procedure, no answer is required to this paragraph as the averments therein state, in part, conclusions of law which are deemed denied. Additionally, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and they are, accordingly, denied and strict proof thereof is demanded.  By way of further answer, but not in derogation of the foregoing, answering defendants deny that the any act or omission to act on their part caused plaintiff's alleged injuries and/or alleged damages.  By way of further answer, but not in derogation of the foregoing, answering defendants deny that they were negligent in any respect.

WHEREFORE, Defendants 7-Eleven, Inc. and Kailash Sayl respectfully request that judgment be entered in its favor and against Plaintiff Robyn Zavodnick on all claims, and costs and attorney's fees be awarded in favor of Defendants.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiff has filed this action in the improper venue.

## SECOND AFFIRMATIVE DEFENSE

If plaintiff was injured as she alleges, said injuries were not due to the acts and/or omissions of answering defendants.

## THIRD AFFIRMATIVE DEFENSE

Answering defendants owed no duty to plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of injury and therefore her claims should be denied.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action and fails to state a claim upon which relief can be granted against defendants.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as her alleged injuries were or may have been caused by negligent acts or omissions of plaintiff, which caused or contributed to the alleged injuries and resulting damages and/or loss, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of contributory negligence and/or comparative negligence, in that plaintiff's negligence caused or contributed to the alleged injuries and damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as her alleged injuries were or may have been caused by the acts of others for whom defendants are not responsible, and the negligent acts or omissions of individuals and/or entities other than defendants may have caused or contributed to the alleged injuries and the resulting damages and/or loss, if any.

## NINTH AFFIRMATIVE DEFENSE

The negligent acts and/or omissions of individuals and/or entities other than defendants may constitute intervening superseding acts of negligence, which caused plaintiff's injuries and damages.

## TENTH AFFIRMATIVE DEFENSE

Defendants are not subject to personal jurisdiction in Pennsylvania.

WHEREFORE, Defendants 7-Eleven, Inc. and Kailash Sayl respectfully request that judgment be entered in their favor and against Plaintiff Robyn Zavodnick on all claims, and costs and attorney's fees be awarded in favor of Defendants.

## CROSSCLAIM PURSUANT TO F.R.C.P. 13
## DIRECTED TO DEFENDANT MARTUSCELLI INVESTMENT ASSOCIATES

1.     Answering defendants 7-Eleven, Inc. and Kailash Sayl, while denying any and all allegations in plaintiff's Complaint, nevertheless assert that if they are found liable to plaintiff, answering defendants' negligence or other liability-producing conduct, if any, was passive, secondary and unrelated and that the negligence or other liability-producing conduct of defendant Martuscelli Investment Associates was active, primary and proximate.

2.     Answering defendants deny that they are liable to plaintiff for any sum or sums whatsoever; however, if such liability should be found at the time of trial and all such liability hereby is again specifically denied, then, as alleged in plaintiff's Complaint and according to the facts set forth therein, defendant Martuscelli Investment Associates is alone liable to plaintiff, jointly and/or severally liable with answering defendants 7-Eleven Inc. and Kailash Sayl and/or liable over to answering defendants 7-Eleven, Inc. and Kailash Sayl under the principals of contribution and/or indemnity for any sum or sums adjudged due to plaintiff, or paid to plaintiff,

by answering defendants by way of judgment, verdict or settlement, including an award of costs
and fees.

3.    Plaintiff asserts that she tripped and fell as a result of an alleged defect in the
parking lot located at 100 Four Seasons Parkway, Newark, Delaware.

4.    Eleven, Inc. leases a portion of the premises located at 100 Four Seasons
Parkway, Newark, Delaware from Defendant Martuscelli Investment Associates pursuant to the
terms of a lease contract with Martuscelli Investment Associates.  A true and correct copy of the
lease contract is attached hereto as Exhibit "A."

5.    7-Eleven, Inc., in turn, subleases that portion of 100 Four Seasons Parkway,
Newark, Delaware to defendant Kailash Sayl pursuant to the terms of a franchise agreement.

6.    Pursuant to the terms of the lease contract between 7-Eleven, Inc. and Martuscelli
Investment Associates, Martuscelli Investment Associates was responsible for the maintenance
and repair of the parking lot area where this incident occurred at all times material hereto.  In
particular, the lease agreement between 7-Eleven, Inc. and Martuscelli Investment Associates
states that "lessor [Martuscelli] agrees to maintain in good repair the outside walls, roof, and
floor of the building and surface of the parking areas, sidewalks and driveways … ."  See Exhibit
"A," Lease Contract, Paragraph No. 9.  Further, the lease contract between 7-Eleven, Inc. and
Martuscelli Investment Associates states that "lessor shall be responsible for cleaning and
lighting the parking and other common areas of the shopping center … ."  See Exhibit "A,"
Lease Contract, Paragraph No. 22.

7.    The lease contract between 7-Eleven, Inc. and Martuscelli Investment Associates
further provides that should a suit be brought to enforce any covenant of the lease contract or for
the breach of any covenant of a lease contract for a condition contained in the contract, the losing

1246881 v.1

party in such suit shall pay the prevailing party a reasonable attorneys fee.  See Exhibit "A,"

Lease Contract, Paragraph No. 18.

    8.    In accordance with the provisions of the lease contract, defendant Martuscelli

Investment Associates is and was obligated to maintain and repair the parking lot area at issue.

    9.    If plaintiff is entitled to a recovery in this matter, it is because of the negligence

and carelessness of defendant Martuscelli Investment Associates to properly maintain and repair

the alleged defective parking lot pursuant to its obligations in the lease contract and therefore,

defendant Martuscelli Investment Associates is alone liable for any injuries and damages

allegedly sustained by plaintiff.

    10.    Because of the negligence and carelessness of defendant Martuscelli Investment

Associates, defendant Martuscelli Investment Associates is liable to defendants 7-Eleven, Inc.

and Kailash Sayl for contribution and/or indemnity on all claims and causes of action made by

the plaintiff.

    11.    Further, defendant Martuscelli Investment Associates breached the terms of the

lease contract by failing to properly maintain the parking lot at issue.

    12.    Because of the breach of the contract by Martuscelli Investment Associates,

defendants Kailash Sayl and 7-Eleven, Inc. have incurred damages in the form of costs and fees

and may incur other damages in the future.

    13.    Defendants Kailash Sayl and 7-Eleven, Inc. are entitled to all damages they have

incurred as a result of this incident and civil action, which was caused by the breach of contract

by defendant Martuscelli Investment Associates.

14.     Defendants Kailash Sayl and 7-Eleven, Inc. are entitled to all damages (including but not limited to fees, costs, payments, and incidental and/or consequential damages) caused by the breach of contract of defendant Martuscelli Investment Associates.

WHEREFORE, defendant Martuscelli Investment Associates is alone liable to the plaintiff, is liable with defendants Kailash Sayl and 7-Eleven, Inc., or is liable over to defendants Kailash Sayl and 7-Eleven, Inc. for damages and/or contribution and/or indemnity, plus attorneys fees and costs, and liability, whatsoever on the part of defendants Kailash Sayl and 7-Eleven, Inc. is specifically denied.

RAWLE & HENDERSON, LLP


By:    */s/ Delia Clark*
          Delia Clark (3337)
          300 Delaware Avenue, Suite 1015
          Wilmington, DE 19801
          (302) 778-1200
          Attorneys for Defendants,
          Kailash Sayl and 7-Eleven, Inc.


Date: January 27, 2006

1246881 v.1

## CERTIFICATION OF SERVICE

I hereby certify that on today's date I served a true and correct copy of the foregoing

pleading by first-class mail, postage prepaid, and/or electronically upon all attorneys of record,

addressed as follows:

Richard H. Morse, Esquire
Young, Conaway, Stargett & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

Robert S. Miller, Esquire
Wapner, Newman, Wigrizer & Brecher
115 South 21st Street
Philadelphia, PA 19147

Kenneth M. Doss, Esquire
Casarino, Christman & Shalk, PA
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

RAWLE & HENDERSON, LLP

By: _____ */s/ Delia Clark* _____
        Delia Clark, Esquire