IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBYN E. ZAVODNICK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05cv639 |
| | : | |
| KAILASH SAYL and 7-ELEVEN, INC. | : | |
| and | : | JURY TRIAL DEMANDED |
| MARTUSCELLI INVESTMENT | : | |
| ASSOCIATES | : | |

## MOTION FOR SUMMARY JUDGMENT OF
## DEFENDANTS KAILASH SAYL AND 7-ELEVEN, INC.

Defendants, Kailash Sayl and 7-Eleven, Inc., by and through their counsel, Rawle & Henderson LLP, hereby move for summary judgment and in support thereof aver as follows:

1. On February 11, 2005, the plaintiff, Robyn Zavodnick, filed this action against the defendants, Kailash Sayl, 7-Eleven, Inc. and Martuscelli Investment Associates, seeking damages for injuries she sustained as a result of an alleged trip and fall on December 1, 2003. A true and correct copy of the plaintiff's Complaint is attached hereto as Exhibit "A."

2. The plaintiff, Robyn E. Zavodnick, asserts that she tripped and fell on December 1, 2003 as a result of an alleged defect in the parking lot located at 100 Four Seasons Parkway, Newark, Delaware.

3. The premises located at 100 Four Seasons Parkway, Newark, Delaware is owned by the defendant, Martuscelli Investment Associates.

4. The defendant, 7-Eleven, Inc., leases a portion of the premises located at 100 Four Seasons Parkway, Newark, Delaware from the defendant, Martuscelli Investment Associates, pursuant to the terms of a lease contract between lessee 7-Eleven, Inc. and lessor Martuscelli Investment Associates. A true and correct copy of the lease contract is attached hereto as Exhibit "B."

1319182 v.1

5. The defendant, 7-Eleven, Inc., in turn, subleases that portion of the 100 Four Seasons Parkway, Newark, Delaware to the defendant, Kailash Sayl, pursuant to the terms of a franchise agreement for a 7-Eleven food store.

6. Pursuant to the terms of the lease contract between 7-Eleven, Inc. and Martuscelli Investment Associates, the defendant, Martuscelli Investment Associates, is responsible for the maintenance and repair of the parking lot area where the subject incident occurred. See Exhibit "B."

7. Specifically, paragraph 9 of the lease contract between 7-Eleven, Inc. and Martuscelli provides:

> MAINTENANCE. LESSOR agrees to maintain in good repair the outside walls, roof and floor of the building and **surface of the parking areas**, sidewalks and driveways, as well as the structural soundness of the building, and all the underground gas, water, and sewer pipes except those parts of such pipes as are in or directly beneath the floor of the building. LESSEE agrees to keep the inside of the building in good repair, including the plumbing, electrical wiring, air conditioning and heating equipment, and those parts of underground gas, water and sewer pipes as are contained in or are directly beneath the floor of the building, an to paint the exterior walls and be responsible for all glass, casualty damage and reasonable wear and tear excepted.

See Exhibit "B," (emphasis added).

8. Additionally, paragraph 22 of the lease contract between 7-Eleven, Inc. and Martuscelli provides:

> COMMON AREAS. LESSOR shall be responsible for cleaning and lighting the parking and other common areas of the shopping center designated on Schedule B, but LESSEE shall bear a part of the cost of such cleaning and lighting in proportion to the number of square feet of floor space of the building leased by LESEE as compared with the total number of square feet of floor space of all the buildings in the shopping center.

See Exhibit "B."

9. The representative of defendant Martuscelli Investment Associates, Anna Martuscelli, testified at deposition that Martuscelli Investment Associates is responsible for the maintenance of the entire exterior of the shopping premises, including the parking lot. (<u>Deposition Testimony of Anna Martuscelli</u>, June 1, 2006, attached as Exhibit "C").

10. With regard to maintenance, Mrs. Martuscelli provided the following sworn answers at deposition:

> Q. Are there any agreements that are in place between Martuscelli Investment Associates and either 7-Eleven or Mr. Sayl, who is the franchisee for that particular 7-Eleven at the Four Seasons Shopping Center, with regard to maintenance or inspections or any type of upkeep?
>
> A. No. The 7-Eleven I don't have nothing to do with that. I'm directly with the Southland Corporation.
>
> Q. But with regard to the exterior of the buildings, the outside of the buildings, the sidewalks, parking lot and landscaping?
>
> A. Martuscelli Investment is responsible.
>
> Q. Is this your understanding as far as what the responsibility is given by the lease?
>
> A. By the lease.

<u>See</u> Exhibit "C," page. 35, lines 1-17.

11. Mrs. Martuscelli further testified as follows:

> Q. Are there any type of agreements that were entered into since 1983 that changed that in any way?
>
> A. No.
>
> Q. Have you had any non-written agreement or conversations war (sic) with either Southland Corporation, 7-Eleven, Incorporated or Mr. Sayl, the franchisee, which changed that in any way?
>
> A. No.

1319182 v.1

3

>   Q.   So, since 1983 through the present, which specifically would include the fall and winter of 2003, the parking lot, sidewalks and exterior of the Four Seasons Shopping Center maintenance, upkeep, repair, inspection were the responsibility of Martuscelli Investment?
>
>   A.   Yes.

See Exhibit "C," page 35, lines 18-24; page 36, lines 1-10.

12. A contract is ambiguous only when the provisions are reasonably or fairly susceptible to different interpretations or may have two or more different meanings. The test is what a reasonable person in the same position as the parties would have thought the provision meant. See Rhone-Poulenc Basic Chems. Co. v. American Motorists Ins. Co, 616 A.2d 1192 (Del. 1992).

13. The terms of the lease between 7-Eleven, Inc. and Martuscelli Investment Associates are clear and unambiguous.

14. Under the terms of the lease between 7-Eleven, Inc. and Martuscelli Investment Associates, Martuscelli Investment Associates alone is responsible for the maintenance of the parking lot located at 100 Four Seasons Parkway.

15. The parking lot located at 100 Four Seasons Parkway is cleaned on a daily basis by or at the direction of Martuscelli Investment Associates. See Exhibit "C."

16. Mrs. Martuscelli provided the following sworn answers at deposition:

>   Q.   Other than the dishwasher that goes outside at four o'clock to pick up debris and sweep, anybody else that does any type of maintenance that is an employee of yours, the restaurant, or Martuscelli Investment?
>
>   A.   No. We call when we need it. We call the contractor to clean the snow. When we need paving, we call the paving company that you have there in the document.
>
>   Q.   How about daily maintenance or upkeep?

1319182 v.1

4

> A. No, we do, me and my husband.

See Exhibit "C," page 17, lines 16-24; page 18, lines 1-2.

17. In addition, Mrs. Martuscelli and her husband personally inspect the parking lot located at 100 Four Seasons Parkway on a daily basis, sometimes as much as twice daily, just to "make sure everything is okay." See Exhibit "C."

18. With regard to inspections of the parking lot, Mrs. Martuscelli provided the following sworn answers at deposition:

> Q. I understand. What I'm asking you, is there something that you did daily, weekly, monthly, yearly to inspect the premises?
>
> A. Every day we inspect, every day.
>
> Q. Who did that every day?
>
> A. Me and my husband. We at the restaurant every day, we on shopping center every day.
>
> Q. Tell me, was there a set procedure in place, or was it just something that you would look around every day?
>
> A. We look around every day.
>
> Q. Was it the same time of day, different times every day?
>
> A. Different times.
>
> Q. What was the procedure that you did, what did that involve?
>
> A. We look and see if everything is okay. See if there is any hole, if it's snow, if it's clean. I mean, we make sure that it's, to operate it.

See Exhibit "C," page 38, lines 2-24 ; page 39, lines 1-6.

19. With regard to repairs to the parking lot, Mrs. Martuscelli further testified:

> Q. Ma'am, if you saw a hole in the parking lot in front of the 7-Eleven store when you're making your inspection, what would you do about it?

> A. Well, if we saw hole we call the paving company and get it fixed.
>
> Q. What paving company would you call?
>
> A. Richards Paving.
>
> Q. When you call them, do they come?
>
> A. Right away.
>
> Q. Who pays for that then?
>
> A. Martuscelli Investment.

See Exhibit "C," page 67, lines 1-15.

20. The law does not ordinarily impose a duty of care upon an occupier of land beyond the area over which the occupier has sole possession or control. See Rhudy v. Bottlecaps Inc., 830 A.2d 402, fn. 7 (Del. 2003).

21. Where the landowner retains actual control of a portion of the premises, he will be subject to liability for physical harm caused by a dangerous condition on the property in his or her possession and actual control. See Id.

22. Actual control as the unrestricted ability to take precautions to alleviate or minimize risks on the property. Id.

23. The defendant, Martuscelli Investment Associates, exercised actual control over the parking lot located a 100 Four Seasons Parkway as evidenced by the daily inspections of the premises and payment for any repairs thereto by Mr. and Mrs. Martuscelli.

24. The evidence of record reveals that the defendants, Kailash Sayl and 7-Eleven, Inc., were at no time responsible for the maintenance of the parking lot located at 100 Four Seasons Parkway in Newark, Delaware where the subject incident occurred. As

such, the defendants, Kailash Sayl and 7-Eleven, Inc., cannot be found liable for injuries sustained as a result of an alleged defect in that parking lot.

WHEREFORE, the defendants, Kailash Sayl and 7-Eleven, Inc., respectfully request that the Court enter summary judgment in their favor.

Respectfully submitted,

RAWLE & HENDERSON LLP

By: /s/ Delia A. Clark
DELIA A. CLARK, No. 3337
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801
302-654-0500

THOMAS P. WAGNER
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200

Attorneys for Defendants,
Kailash Sayl and 7-Eleven, Inc.