IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBYN E. ZAVODNICK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05cv639 |
| | : | |
| KAILASH SAYL and 7-ELEVEN, INC. | : | |
| and | : | JURY TRIAL DEMANDED |
| MARTUSCELLI INVESTMENT | : | |
| ASSOCIATES | : | |

**BRIEF IN SUPPORT OF THE
MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS
KAILASH SAYL AND 7-ELEVEN, INC.**

1319182 v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBYN E. ZAVODNICK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05cv639 |
| | : | |
| KAILASH SAYL and 7-ELEVEN, INC. | : | |
| and | : | JURY TRIAL DEMANDED |
| MARTUSCELLI INVESTMENT | : | |
| ASSOCIATES | : | |

## TABLE OF CONTENTS

                                                                                **Page Number**

TABLE OF CITATIONS .................................................................. ii

I.    NATURE OF THE CASE .......................................................... 1

II.   SUMMARY OF THE ARGUMENT ................................................. 2

III.  FACTS .............................................................................. 2

IV.  ARGUMENT ....................................................................... 3

      A.    Standard of Review ......................................................... 3

      B.    The Defendants, Kailash Sayl and 7-Eleven, Inc, Were Not Responsible for the Parking Lot Under the Express Terms of the Lease .................. 4

      C.    The Defendants, Kailash Sayl and 7-Eleven, Inc., Owed No Duty of Care to the Plaintiff With Regard to the Parking Lot ................................. 5

V.   CONCLUSION ..................................................................... 7

Respectfully submitted,

RAWLE & HENDERSON, LLP


By:     /s/ Delia A. Clark
        DELIA A. CLARK, No. 3337
        300 Delaware Avenue, Suite 1015
        Wilmington, DE 19801
        302-654-0500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBYN E. ZAVODNICK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05cv639 |
| | : | |
| KAILASH SAYL and 7-ELEVEN, INC. | : | |
| and | : | JURY TRIAL DEMANDED |
| MARTUSCELLI INVESTMENT | : | |
| ASSOCIATES | : | |

## TABLE OF CITATIONS

**CASES**                                                                                  **PAGE NUMBER**

Brown v. Interbay Funding, LLC,
 _ F.Supp.2d _; 2006 WL 56963 (D.Del. 2006) .................................6-7

Clark v. Modern Group, Ltd.,
 9 F.3d 321 (3d Cir. 1993). .............................................2, 3

Concord Mall, LLC v. Best Buy Stores, LLC,
 No. 02C-09-267 PLA (Del. Super. 2004). ....................................4

Connors v. Fawn Mining Corp.,
 30 F. 3d 483 (3d Cir. 1994) ............................................2, 3

Craig v. A.A.R. Realty Corp.,
 576 A.2d 688 (Del. Super. 1989). ...........................................5

Doherty v. Teamsters Pension Trust Fund,
 16 F.3d 1386 (3d Cir. 1994) .................................................4

Kovach v. Brandywine Innkeepers,
 No. 98C-01-232 (Del. Super. 2000). .........................................5

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
 575 U.S. 574 (1986). ........................................................4

New Haverford Partnership v. Stroot,
 772 A.2d 792, 798 (Del. 2001) ..............................................6

Rhone-Poulenc Basic Chems. Co. v. American Motorists Ins. Co,
 616 A.2d 1192 (Del. 1992). ...............................................2, 4

Rhudy v. Bottlecaps Inc.,
    830 A.2d 402, fn. 7 (Del. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2, 6

Volkswagen of America, Inc. v. Costello,
    880 A.2d 230, 233 (Del. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

**STATUTES & RULES**

Fed. R. Civ. Proc. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Respectfully submitted,

RAWLE & HENDERSON, LLP

By:      /s/ Delia A. Clark
           DELIA A. CLARK, No. 3337
           300 Delaware Avenue, Suite 1015
           Wilmington, DE 19801
           302-654-0500

           THOMAS P. WAGNER
           The Widener Building
           One South Penn Square
           Philadelphia, PA 19107
           (215) 575-4200

           Attorneys for Defendants,
           Kailash Sayl and 7-Eleven, Inc.

Dated: July 14, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBYN E. ZAVODNICK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05cv639 |
| | : | |
| KAILASH SAYL and 7-ELEVEN, INC. | : | |
| and | : | JURY TRIAL DEMANDED |
| MARTUSCELLI INVESTMENT | : | |
| ASSOCIATES | : | |

**BRIEF IN SUPPORT OF THE
MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS
KAILASH SAYL AND 7-ELEVEN, INC.**

I.  **NATURE OF THE CASE**

The plaintiff, Robyn E. Zavodnick, asserts that she tripped and fell on December 1, 2003 as a result of an alleged defect in the parking lot located at 100 Four Seasons Parkway, Newark, Delaware. See Exhibit "A." The premises located at 100 Four Seasons Parkway, Newark, Delaware is owned by the defendant, Martuscelli Investment Associates. The defendant, 7-Eleven, Inc., leases a portion of the premises located at 100 Four Seasons Parkway, Newark, Delaware from Martuscelli Investment Associates, and the defendant, 7-Eleven, Inc., in turn, subleases that portion of the premises to the defendant, Kailash Sayl, pursuant to the terms of a franchise agreement for a 7-Eleven food store. Martuscelli Investment Associates is responsible for the parking lot area under the terms of the lease.

Plaintiff, Robyn E. Zavodnick, filed this action in premises liability against the defendants, Kailash Sayl, 7-Eleven, Inc. and Martuscelli Investment Associates. The defendants, Kailash Sayl and 7-Eleven, Inc., have no responsibility for the parking lot area and therefore cannot be held liable to the plaintiff, as a matter of law.

1319182 v.1

## II. SUMMARY OF THE ARGUMENT

1. <u>Standard of Review</u> - There are no genuine issues of any material facts and therefore summary judgment in favor of the defendants, Kailash Sayl and 7-Eleven, Inc., is appropriate. See F.R.C.P. 56(c); <u>Connors v. Fawn Mining Corp.</u>, 30 F. 3d 483 (3d Cir. 1994); <u>Clark v. Modern Group, Ltd.</u>, 9 F.3d 321 (3d Cir. 1993).

2. <u>The Defendants, Kailash Sayl and 7-Eleven, Inc., Were Not Responsible for the Parking Lot Under the Express Terms of the Lease</u> – In the instant case, the defendants, Kailash Sayl and 7-Eleven Inc., were not responsible for the parking lot because the express terms of the lease contract placed responsibility for the area on the defendant Martuscelli Investment Associates. See <u>Rhone-Poulenc Basic Chems. Co. v. American Motorists Ins. Co</u>, 616 A.2d 1192 (Del. 1992).

3. <u>The Defendants, Kailash Sayl and 7-Eleven, Inc., Owned No Duty of Care to the Plaintiff With Regard to the Parking Lot</u> – The defendants, Kailash Sayl and 7-Eleven Inc., do not owe a duty to the plaintiff because they did not possess or control the parking lot area. See <u>Rhudy v. Bottlecaps Inc.</u>, 830 A.2d 402, fn. 7 (Del. 2003).

## III. FACTS

On February 11, 2002, the plaintiff, Robyn E. Zavodnick, filed a Complaint against the above-named defendants alleging that on December 1, 2003, she sustained personal injuries as a result of a trip and fall in a parking lot located at 100 Four Seasons Parkway, Newark, Delaware. See Exhibit "A." The owner/lessor of the premises in question is the defendant, Martuscelli Investment Associates. See Exhibit "B." At the time of the December 1, 2003 incident, the defendant, 7-Eleven, Inc., leased a portion of the premises located at 100 Four Seasons Parkway, Newark, Delaware from the defendant, Martuscelli Investment Associates, pursuant to the terms

of a lease contract between 7-Eleven, Inc. and Martuscelli Investment Associates. See Exhibit "B." The defendant, 7-Eleven, Inc., in turn, subleased that portion of the 100 Four Seasons Parkway, Newark, Delaware to the defendant, Kailash Sayl, pursuant to the terms of a franchise agreement for a 7-Eleven food store.

Under the terms of the lease contract between 7-Eleven, Inc. and Martuscelli Investment Associates, the defendant, Martuscelli Investment Associates, is responsible for the maintenance and repair of the parking lot area where the subject incident occurred. See Exhibit "B," paragraph 9. During the course of discovery, Anna Martuscelli, the representative of the defendant, Martuscelli Investment Associates, testified at deposition that the lease places responsibility for the maintenance of the parking lot upon Martuscelli Investment Associates. See Exhibit "C," page 35, lines 1-17. In this regard, Martuscelli Investment Associates conducts daily inspections of the parking lot area and pays for all repairs to the premises. See Exhibit "C," page 17, lines 16-24; page 18, lines 1-12. Accordingly, the defendants, Kailash Sayl and 7-Eleven, Inc., have no duty to the plaintiff, Robyn Zavodnick, with regard to the parking lot located at 100 Four Seasons Parkway.

IV. **ARGUMENT**

A. **Standard of Review**

Summary Judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See F.R.C.P. 56(c); Connors v. Fawn Mining Corp., 30 F. 3d 483 (3d Cir. 1994); Clark v. Modern Group, Ltd., 9 F.3d 321 (3d Cir. 1993). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue of fact for trial.

See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 575 U.S. 574, 89 L.Ed. 2d 538, 106 S. Ct. 1348 (1986), on remand sub nom. In re Japanese Elec. Prods. Antitrust Litig., 807 F.2d 44 (3d Cir. 1986), cert. denied, 481 U. S. 1029, 95 L.Ed. 2d 527, 107 S. Ct. 1955 (1987). A summary judgment motion should be granted if a reasonable fact finder could only find for the moving party. See Doherty v. Teamsters Pension Trust Fund, 16 F.3d 1386 (3d Cir. 1994).

### B. The Defendants, Kailash Sayl and 7-Eleven, Inc, Were Not Responsible for the Parking Lot Under the Express Terms of the Lease

The interpretation of a contract is a question of law. See Concord Mall, LLC v. Best Buy Stores, LLC, No. 02C-09-267 PLA (Del. Super. 2004). When the contract language is clear and unambiguous, the parties' intent is ascertained by giving the language its ordinary and usual meaning. A contract is ambiguous only when the provisions are reasonably or fairly susceptible to different interpretations or may have two or more different meanings. The test is what a reasonable person in the same position as the parties would have thought the provision meant. See Rhone-Poulenc Basic Chems. Co. v. American Motorists Ins. Co, 616 A.2d 1192 (Del. 1992).

Clearly, the lease between 7-Eleven, Inc. and Martuscelli Investment Associates imposes the responsibility for the parking lot maintenance, upkeep and repair upon the lessor, Martuscelli Investment Associates. In fact, pursuant to the terms of the agreement, Martuscelli Investment Associates is responsible for the maintenance of the parking lot including cleaning and repairs. Specifically, paragraph 9 of the lease provides:

> MAINTENANCE. LESSOR agrees to maintain in good repair the outside walls, roof and floor of the building and **surface of the parking areas**, sidewalks and driveways, as well as the structural soundness of the building, and all the underground gas, water, and sewer pipes except those parts of such pipes as are in or directly beneath the floor of the building. LESSEE agrees to keep the inside of the building in good repair, including the plumbing, electrical wiring, air conditioning and heating equipment, and those parts of underground gas, water

1319182 v.1                           4

and sewer pipes as are contained in or are directly beneath the floor of the building, an to paint the exterior walls and be responsible for all glass, casualty damage and reasonable wear and tear excepted.

See Exhibit "B." In addition, paragraph 22 specifically provides:

COMMON AREAS. LESSOR shall be responsible for cleaning and lighting the parking and other common areas of the shopping center designated on Schedule B, but LESSEE shall bear a part of the cost of such cleaning and lighting in proportion to the number of square feet of floor space of the building leased by LESEE as compared with the total number of square feet of floor space of all the buildings in the shopping center.

See Exhibit "B." This paragraph of the lease is clear and unambiguous. Additionally, Anna Martuscelli, the representative of the defendant, Martuscelli Investment Associates, testified about her understanding of the agreement and that in fact Martuscelli Investment Associates had taken responsibility for the parking lot area. See Exhibit "C." Accordingly, the defendants, Kailash Sayl and 7-Eleven, Inc., are not responsible for the parking lot area located at 100 Four Seasons Parkway under the express terms of the lease.

    C.    <u>The Defendants, Kailash Sayl and 7-Eleven, Inc., Owed No Duty of Care to the Plaintiff With Regard to the Parking Lot</u>

Whether a duty exists between parties is entirely a question of law to be determined by the Court. See Craig v. A.A.R. Realty Corp., 576 A.2d 688 (Del. Super. 1989). Under Delaware law, a property owner has a duty to a business invitee to make the premises reasonably safe. See Kovach v. Brandywine Innkeepers, No. 98C-01-232 (Del. Super. 2000). Ordinarily, once a landowner leases property, both control and possession of the leased area are relinquished to the lessee. In such a circumstance, the lessee, as the possessor of land, owes a duty of reasonable care to maintain the premises in reasonably safe condition. See Volkswagen of America, Inc. v. Costello, 880 A.2d 230, 233 (Del. 2005). A lessee or occupier of land, however, does not have possession or control over the entire premises if the landowner retains control of portions of the

land which the lessee is entitled to use. The law does not ordinarily impose a duty of care upon an occupier of land beyond the area over which the occupier has sole possession or control. See Rhudy v. Bottlecaps Inc., 830 A.2d 402, fn. 7 (Del. 2003). Thus, where the landowner retains actual control of a portion of the premises, he will be subject to liability for physical harm caused by a dangerous condition on the property in his or her possession and actual control. The Delaware Supreme Court has defined control as the unrestricted ability to take precautions to alleviate or minimize risks on the property. Id. at 406.

As stated previously, the defendants, Kailash Sayl and 7-Eleven, Inc., do not own or lease the premises where the plaintiff, Robyn Zavodnick, fell due to an alleged defective condition in the parking lot. Rather, a store was leased to 7-Eleven, Inc. by the owner, Martuscelli Investment Associates. As set forth at length above, the lease imposed responsibility for the maintenance and repair of the parking lot on Martuscelli Investment Associates. In this regard, and according to the testimony of Anna Martuscelli, Martuscelli Investment Associates exercised actual control over the parking lot. During discovery, Anna Martuscelli testified at length that she and her husband performed daily inspections of the parking lot and arranged and paid for all repairs thereto. The defendants, Kailash Sayl and 7-Eleven, were at no time responsible for the maintenance of the parking lot. While the defendants, Kailash Sayl and 7-Eleven Inc., were entitled to use the parking lot, the parking lot was shared and not in their sole possession or control. Accordingly, the defendants, Kailash Sayl and 7-Eleven, Inc., owed no duty of care to the plaintiff, Robyn Zavodnick, with regard to the parking lot.

In order to state a claim for negligence, "one must allege that defendant owed plaintiff a duty of care; defendant breached that duty; and defendant's breach was the proximate cause of plaintiff's injury." New Haverford Partnership v. Stroot, 772 A.2d 792, 798 (Del. 2001); Brown

v. Interbay Funding, LLC, __ F.Supp.2d __; 2006 WL 56963 (D.Del. 2006). As set forth above, the defendants, Kailash Sayl and 7-Eleven, Inc., owed no duty of care to the plaintiff. As the defendants, Kailash Sayl and 7-Eleven, Inc, owed no duty of care to the plaintiff she cannot sustain a claim against them as a matter of law.

## V.   CONCLUSION

Under the terms of the lease contract between 7-Eleven Inc. and Martuscelli Investment Associates, the lessor, Martuscelli Investment Associates, was responsible for all maintenance of the parking lot. Martuscelli Investment Associates retained actual control over the parking lot, cleaning, conducting daily inspections of the premises and paying for the costs of repairs to the parking lot. The defendants, Kailash Sayl and 7-Eleven, Inc., owed no duty of care to the plaintiff, Robyn Zavodnick with regard to the parking lot located at 100 Four Seasons Parkway. Accordingly, as a matter of law the defendants, Kailash Sayl and 7-Eleven, Inc. may not be held liable for injuries sustained as a result of an alleged defect in that parking lot. Therefore, the defendants, Kailash Sayl and 7-Eleven, Inc., are entitled to summary judgment in their favor.

Respectfully submitted,

RAWLE & HENDERSON, LLP

By:   /s/ Delia A. Clark
DELIA A. CLARK, No. 3337
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801
302-654-0500

THOMAS P. WAGNER
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200

Attorneys for Defendants,
Kailash Sayl and 7-Eleven, Inc