IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBYN E. ZAVODNICK<br>        Plaintiff,<br>vs.<br>KAILASH SAYL<br>    and<br>7-ELEVEN, INC.<br>    and<br>MARTUSCELLI INVESTMENT<br>ASSOCIATES<br>        Defendants. | :<br>:<br>:<br>:<br>: Civil Action No. 05-639-SLR<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S ANSWERING BRIEF AND APPENDIX
IN OPPOSITION TO THE MOTION FOR SUMMARY
JUDGMENT OF DEFENDANTS KAILASH SAYL AND 7-ELEVEN, INC.**

Richard H. Morse (No. 531)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
rmorse@ycst.com
Attorney for Plaintiff

OF COUNSEL:

Robert S. Miller
Wapner, Newman, Wigrizer & Brecher
115 South 21st Street
Philadelphia, PA 19147
Phone: 215-569-0900
MillerR@wnwlaw.com

July 27, 2006

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. iii

NATURE AND STAGE OF THE PROCEEDING........................................................... 1

SUMMARY OF ARGUMENT ............................................................................................ 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT........................................................................................................................... 4

       A.  Movants must show that there is no issue of material fact. ............................ 4

       B.  Defendants 7-Eleven and Sayl exercised joint control
          over the parking lot with defendant Martuscelli ............................................. 5

       C.  Defendants 7-Eleven and Sayl had a duty to warn
          plaintiff, Robyn Zavodnick, of a known dangerous condition
          in the parking lot located at 100 Four Seasons Parkway .............................. 9

CONCLUSION..................................................................................................................... 10

APPENDIX

A.     Deposition of Kailash Sayl

# TABLE OF AUTHORITIES

Page

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)..........................................................4, 5

Celotex Corp. v. Catrett,
477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)...............................................................1

Coker v. McDonald's Corp.,
537 A.2d 549 (Del. Super. 1987).................................................................................................8

Craig v. A.A.R. Realty Corp.,
576 A.2d 688 (Del. Super.1988)...............................................................................................2, 6

Delmarva Power and Light Co. v. Burrows,
435 A.2d 716, (Del. Super. 1981)................................................................................................ 8

Horowitz v. Fed. Kemper Life Assurance Co.,
57 F.3d 300 (3d Cir. 1995)............................................................................................................5

Jeffries v. State Dep't of Health & Soc. Servs.,
1998 Del. Super. LEXIS 177 (Del. Super. 1998) ........................................................................6

MacFadden v. Leon Burton & Son,
1997 Del. Super. LEXIS 499 (Del. Super. 1997) .....................................................................2, 8

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986).......................................................... 4, 5

Pa. Coal Ass'n v. Babbitt,
63 F.3d 231 (3d Cir. 1995)............................................................................................................5

Rhudy v. Bottlecaps Inc.,
830 A.2d 402 (Del. 2003) .........................................................................................................5, 6

Trabaudo v. Kenton Ruritan Club, Inc.,
517 A.2d 706 (Del. Super. 1986)..................................................................................................8

Woods v. Prices Corner Shopping Center,
541 A.2d 574 (Del. Super. 1988)............................................................................................. 6, 8

## **RULES**

Fed. R. Civ. P. 56(c) .......................................................................................................................4

## **OTHER AUTHORITIES**

Restatement (Second) of Torts § 343..........................................................................................2, 8

Restatement (Second) of Torts § 344.............................................................................................6

## NATURE AND STAGE OF THE PROCEEDING

This claim arises from a trip and fall which occurred on December 1, 2003, in which plaintiff, Robyn E. Zavodnick, age 46, was a business invitee at a 7-Eleven located at 100 Four Seasons Parkway in Newark, Delaware (hereinafter "premises"). Upon leaving the 7-Eleven, plaintiff tripped and fell due to a hole in the parking lot of said premises causing serious personal injuries. Plaintiff filed this Civil Action on February 11, 2005 against defendants Kailash Sayl (hereinafter "Sayl"), 7-Eleven, Inc. (hereinafter "7-Eleven") and Martuscelli Investment Associates (hereinafter "Martuscelli"). Defendants 7-Eleven and Sayl filed a Motion seeking a Summary Judgment. Plaintiff, Robyn Zavodnick, filed this response to defendants' Motion.

Defendants 7-Eleven and Sayl fail to demonstrate the absence of genuine issues of material fact in their Motion for Summary Judgment. Therefore, plaintiff seeks an Order DENYING defendants' Motion.

## SUMMARY OF ARGUMENT

i. <u>Standard of Review</u> - Defendants 7-Eleven and Sayl fail to demonstrate the absence of genuine issues of material fact in their Motion for Summary Judgment and therefore denial of the motion is appropriate. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 321-24, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

ii. <u>Defendants 7-Eleven and Sayl exercised joint control over the parking lot with defendant Martuscelli</u> - Defendants 7-Eleven and Sayl have not sufficiently developed facts to show they <u>did not</u> exercise control over the parking lot. Provisions in the lease reveal defendant 7-Eleven expressly reserved the right to use a portion of the parking lot, created the specifications of the parking lot from its inception, and defendant 7-Eleven had the opportunity to make repairs to the parking lot. The reading of the lease combined with

defendants 7-Eleven and Sayl's actions shows control of the parking lot, and therefore, their responsibility for the parking lot area located at 100 Four Seasons Parkway. Craig v. A.A.R. Realty Corp., Del. Super., 576 A.2d 688, 696 (1988).

     iii. <u>Defendants 7-Eleven and Sayl had a duty to warn business invitees including plaintiff, Robyn Zavodnick, of a known dangerous condition in the parking lot located at 100 Four Seasons Parkway</u> - Defendants 7-Eleven and Sayl owed a common law duty to plaintiff arising from their joint right to control the parking lot, which imposed on them a duty to take reasonable steps to provide for the safety of their business invitee, Robyn Zavodnick, in the parking lot. Defendants 7-Eleven and Sayl failed to correct a known problem or to warn its patrons of the impending danger presented by the dangerous defect located in front of the 7-Eleven located at 100 Four Seasons Parkway. See MacFadden v. Leon Burton & Son, 1997 LEXIS 499, 10-11 (Del. Super. 1997) citing Restatement (Second) of Torts § 343.

## STATEMENT OF FACTS

This claim arises from a trip and fall which occurred on December 1, 2003, in which plaintiff, Robyn E. Zavodnick, age 46, was a business invitee at a 7-Eleven located at 100 Four Seasons Parkway in Newark, Delaware (hereinafter "premises"). Upon leaving the 7-Eleven, plaintiff tripped and fell due to a hole in the parking lot of said premises causing serious personal injuries. *See Defendants Exhibit "A."*

The premises is owned by defendant Martuscelli. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp 9.* Defendant 7-Eleven leased the property from lessor/defendant, Martuscelli. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp 6.* The 7-Eleven was operated and run by franchisee/owner, defendant Sayl. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp 6-8.*

Provisions in the lease reveal defendant 7-Eleven created the specifications of the parking lot from its inception, and defendant 7-Eleven had the opportunity to make repairs to the parking lot. *See Defendants Exhibit "B" Articles 22, 31A.* A reasonable reading of the terms of the lease places responsibility for the parking lot with all defendants.

Though defendants 7-Eleven and Sayl imply that defendant Martuscelli had sole control of the parking lot, their actions confirm otherwise. Defendant 7-Eleven routinely inspected the parking lot in addition to other areas of the store's interior and exterior. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp82-84.* Defendant Sayl was trained by defendant 7-Eleven to maintain the parking lot. *See Deposition of Kailash Sayl Plaintiff's Exhibit "A" pp7.* Defendant 7-Eleven routinely inspected the parking lot in addition to other areas of the store's interior and exterior. *See Plaintiff's Exhibit "A" pp82-84.* Defendant Sayl performed daily inspections of the exterior of the 7-Eleven for 10 - 15 minutes to see if everything looked "all right." *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp 11-12, 87.* During his daily inspections, among other things, defendant Sayl specifically inspected the parking lot to see if there were any cracks or holes. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp 88.* If something did not look "all right" he would do something about the problem. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp 12.* During at least one inspection performed by defendant Sayl within one month before plaintiff's fall, defendant Sayl saw holes in the parking lot and contacted defendant 7-Eleven to fix those areas. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp 118.* Defendant Sayl knew about the hazard that caused plaintiff to fall and reported it to defendant 7-Eleven. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp 118-119.* Defendant Sayl also informed defendant 7-Eleven of plaintiff's fall and as a

DB02:5440901.1                                                                                                                                       064632.1001

result, <u>defendant 7-Eleven, not defendant Martuscelli,</u> resurfaced the parking lot and made the "parking lot even." *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp31-32.*

There are also signs that restrict the parking in front of 7-Eleven to 7-Eleven customers only, including plaintiff on the date of the fall. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp16, 70.* Other elements of defendants 7-Eleven and Sayl's control are shown by defendant Sayl's removing snow and laying salt in the area of plaintiff's fall. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp 71.*

The reading of the lease combined with defendant 7-Eleven and Sayl's actions shows their control of the parking lot and therefore responsibility for the parking lot area located at 100 Four Seasons Parkway. Defendants 7-Eleven and Sayl owed a common law duty to plaintiff arising from their joint right to control the parking lot, which imposed on them a duty to take reasonable steps to provide for the safety of their business invitees, including plaintiff, Robyn Zavodnick. Defendants 7-Eleven and Sayl failed to correct a known problem or to warn their business invitees including plaintiff of the impending danger presented by the dangerous defect which caused Ms. Zavodnick's fall.

## ARGUMENT

### A. **Movants must show that there is no issue of material fact.**

Summary judgment will be granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." <u>Fed. R. Civ. P. 56(c)</u>; <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 585-87, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). Accordingly, the Court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). Summary

judgment is inappropriate if, resolving all ambiguities and drawing all inferences against the moving party, there exists a dispute about a material fact "such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. A factual issue is genuine if it can reasonably be resolved in favor of either party. Id. at 250. A fact is material if it can affect the outcome of the action based on the governing law. Id. at 248.

The moving party bears the burden of proving that no genuine issue of material fact exists. Matsushita, 475 U.S. at 574, 586 n.10, 89. Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then must come forward with specific facts showing that there is a genuine issue for trial. Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion. Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

Given this standard, the moving defendants have a very heavy burden of persuasion. For the reasons cited herein, the defendants have not met their burden and the motion for summary judgment must be denied.

### B. Defendants 7-Eleven and Sayl exercised joint control over the parking lot with defendant Martuscelli

Moving defendants claim that, "the law does not ordinarily impose a duty of care upon an occupier of land beyond the area over which the occupier has sole possession or control", opening brief at 6 (emphasis added), citing Rhudy v. Bottlecaps Inc., 830 A.2d 402, n.7 (Del.

2003). They misstate the law and the case they cite. <u>Rhudy</u> recognizes a requirement of "possession or control". It does not speak of "sole possession or control." <u>Id</u>.

In the language of the Restatement (Second) of Torts § 344, cited at <u>Craig</u> 576 A.2d at 688, 692:

> "a <u>possessor of land</u> who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Where a tenant has joint control over a parking lot, it owes a duty of care to business invitees. See <u>Jeffries v. State Dep't of Health & Soc. Servs.</u>, 1998 Del. Super. LEXIS 177, *4 (Del. Super. 1998). The responsibility is as to "any condition which is known to the business operator or should have been known in the exercise of reasonable care or diligence." <u>Id.</u>, citing <u>Woods v. Prices Corner Shopping Center</u>, 541 A.2d 574 (Del. Super.1988). "The test is whether the control was actual, not whether it was exclusive. <u>Id</u>. Unquestionably, control may be actual although joint." <u>Id.</u>, citing <u>Craig</u>, supra, 576 A.2d at 696.

Defendant 7-Eleven was able to make repairs to the parking lot, as shown when it made repairs to the parking lot the day after plaintiff's fall. A reasonable reading of the terms of the lease places responsibility for the parking lot with all defendants. The practices of the parties following inception of the lease clearly show all parties acknowledged their shared responsibility for portions of the parking lot including the area of plaintiff's fall.

Though defendants 7-Eleven and Sayl would like this Court to believe defendant Martuscelli has sole control of the parking lot, their actions indicate otherwise. Defendant 7-Eleven routinely inspected the parking lot in addition to other areas of the store's interior and

exterior. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp82-84.* Defendant Sayl was trained by defendant 7-Eleven to maintain the parking lot. *See Deposition of Kailash Sayl Plaintiff's Exhibit "A" pp7.* Defendant Sayl performed daily inspections of the exterior of the 7-Eleven for 10 - 15 minutes to see if everything looked "all right." *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp 11-12, 87.* During his daily inspections, amongst other things, defendant Sayl specifically inspected the parking lot to see if there were any cracks or holes. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp88.* If something did not look "all right" he would do something about the problem. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp12.* During at least one inspection performed by defendant Sayl, within one month before plaintiff's fall, defendant Sayl saw holes in the parking lot and contacted defendant 7-Eleven to fix those areas. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp118.* Defendant Sayl knew about the hazard that caused plaintiff to fall and reported it to defendant 7-Eleven. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp 118-119.* Defendant Sayl also informed defendant 7-Eleven of plaintiff's fall and as a result, <u>defendant 7-Eleven, not defendant Martuscelli,</u> resurfaced the parking lot and made the "parking lot even." *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp31-32.*

There are also signs that restrict the parking in front of 7-Eleven to 7-Eleven customers only, including plaintiff on the date of the fall. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp16, 70.* Other elements of defendants 7-Eleven and Sayl's control are shown by defendant Sayl's removing snow and laying salt in the area of plaintiff's fall. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp 71.*

Taking the facts in the light most favorable to the non-moving party, defendants 7-Eleven and Sayl have not sufficiently developed facts in this case to show they <u>did not</u> exercise control

7

over the parking lot. Provisions in the lease reveal defendant 7-Eleven expressly reserved the right to use a portion of the parking lot; defendant 7-Eleven created the specifications of the parking lot from its inception; and, defendants had the opportunity to make repairs to the parking lot. The reading of the lease combined with defendants 7-Eleven and Sayl's actions shows their control of the parking lot. Therefore, they were responsible for the parking lot area located at 100 Four Seasons Parkway.

### C. Defendants 7-Eleven and Sayl had a duty to warn plaintiff, Robyn Zavodnick, of a known dangerous condition in the parking lot located at 100 Four Seasons Parkway

Duty is measured in terms of reasonableness. Delmarva Power and Light Co. v. Burrows, Del. Supr., 435 A.2d 716, 718 (1981). The duty is to act reasonably. Id. The element of duty in an action for negligence is usually considered to be an issue of law for the court to determine. Craig 576 A.2d at 688, 692 citing Trabaudo v. Kenton Ruritan Club, Inc., 517 A.2d 706, 707 (Del. Super. 1986). Owners or occupiers of land owe to their business invitees a duty to exercise care to have the premises in a reasonably safe condition and a duty to warn of any latent or concealed dangers on their premises. MacFadden, 1997 LEXIS at 499, citing Restatement (Second) of Torts § 343. See also Woods, 541 A.2d at 574, 575 (tenants who conduct business on landlord's property owe a duty to their business invitees to exercise "due care to keep the property in a reasonably safe condition as to any condition which is known to the business operator or which should be known in the exercise of reasonable care or diligence"); See also MacFadden, 1997 LEXIS at 499, citing Coker v. McDonald's Corp., 537 A.2d 549, 550 (Del. Super.1987) ("the business proprietor has an additional duty to warn its customers of any latent or concealed danger" on the premises that they would not discover, realize, or protect themselves against).

In the similar case of MacFadden, the lease agreement between a mall owner and restaurant a provided the mall owner retained duties to keep the parking lot in good repair. The plaintiff/business invitee in McFadden was in the parking lot to attend a function at the restaurant. The plaintiff was injured when he stepped into a hole in the parking lot. The landlord and restaurant were aware of the holes and no warnings were placed around the holes. The defendant restaurant filed a motion for summary judgment arguing it did not have responsibility under the lease for the repair of the parking lot. The court, when denying the motion for summary judgment, found the restaurant owed a duty to warn business invitees of the holes if it had control over the parking lot. The court found that a fact issue remained regarding whether the restaurant's conduct of inspecting and cleaning the parking lot established control. Id.

In the instant action, defendants 7-Eleven and Sayl had a clause in their lease that allowed them to control the building of the parking lot and allowed them to maintain the parking lot. Defendant Sayl knew about the hazard and reported it to defendant 7-Eleven. *See Deposition of Kailash Sayl at Plaintiff's Exhibit "A" pp 118-119*. Neither defendant placed warnings for business invitees even though they were aware of the condition. *See Plaintiff's Exhibit "A" pp121-122*. After plaintiff's trip and fall defendants 7-Eleven and Sayl exercised the control of the area of plaintiff's fall, which they always knew they had, and fixed the hazard.

Defendants 7-Eleven and Sayl failed to correct a known problem or to warn its patrons of the impending danger presented by the dangerous condition located in front of the 7-Eleven located at 100 Four Seasons Parkway. Taking the facts in the light most favorable to the non-moving party, a jury may find that defendants 7-Eleven and Sayl were obligated to take reasonable steps to provide for the safety of their business invitee, plaintiff, Robyn Zavodnick.

## CONCLUSION

All of this evidence and supporting case law strongly supports that there remain genuine issues of material facts as to control of the parking lot and duty to business invitees such as the plaintiff. A jury question is presented on said issues.

                Respectfully Submitted,

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                /s/ Richard H. Morse

                Richard H. Morse (No. 531)
                The Brandywine Building, 17th Floor
                1000 West Street
                P.O. Box 391
                Wilmington, Delaware 19899
                (302) 571-6651
                rmorse@ycst.com

                Attorney for Plaintiff

OF COUNSEL:

Robert S. Miller
Wapner, Newman, Wigrizer & Brecher
115 South 21st Street
Philadelphia, PA  19147
Phone: 215-569-0900
miller@wnwlaw.com

## **CERTIFICATE OF SERVICE**

I, Richard H. Morse, hereby certify that on July 27, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Kenneth M. Doss, Esquire
>Casarino, Christman & Shalk, P.A.
>800 North King Street, Suite 200
>P.O. Box 1276
>Wilmington, De 19899
>
>Delia A. Clark, Esquire
>Rawle & Henderson LLP
>300 Delaware Avenue, Suite 1015
>Wilmington, DE 19801

I further certify that on July 27, 2006, I also caused copies of the foregoing document to be served by hand on the above-listed counsel of record

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>*/s/ Richard H. Morse*
>Richard H. Morse (I.D. No. 531)
>17th Floor, Brandywine Building
>1000 West Street
>P.O. Box 391
>Wilmington, Delaware 19899-0391
>(302) 571-6651
>rmorse@ycst.com
>
>Attorneys for Defendants